# EXHIBIT 1

# IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

KENNETH FITCH, PHYLIS REINARD,        *
DEBORAH HEIM, MARY FRYE,
And all individuals similarly situated,     *

                    Plaintiff,              *

v.                                          *              CASE NUMBER

                                            *

STATE OF MARYLAND                           *
c/o Office of the Attorney General
200 St. Paul Place                          *
Baltimore, Maryland 21202

                    Defendant,              *

GOVERNOR LARRY HOGAN                        *
c/o Office of the Attorney General
200 St. Paul Place                          *
Baltimore, Maryland 21202

                                            *

                    Defendant,              *

SECRETARY DAVID R. BRINKLEY                 *
c/o Office of the Attorney General
200 St. Paul Place                          *
Baltimore, Maryland 21202

                                            *

                    Defendant,

*     *     *     *     *     *     *     *     *     *     *

```
Case: 24-C-18-005077
CV File New
                    $60.00
RIF-New Case
                    $30.00
Appear Fee
                    $20.00
MLSC
                    $55.00
TOTAL           $165.00
Receipt #20180002090?
Cashier: CD CCBC162
09/10/18   4:13pm
```

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

**NOW COME**, Plaintiffs Kenneth Fitch, Phyillis Reinard, and Deborah Heim,

through the undersigned legal counsel, and complain on behalf of themselves and all others

similarly situated (hereinafter, collectively "Plaintiffs") against Defendants, The State of

Maryland, Governor Larry Hogan, Secretary David R. Brinkley as follows:

---

*Fitch, et al. State of MD, et al.*

## Introduction

This is an action to protect and restore the contractual and constitutional rights of the many long-serving retired employees of the State of Maryland and ensure their future right to hard-earned prescription drug coverage. The named Plaintiffs, through their service to the State of Maryland, earned vested rights to access in the Maryland Rx Program administered by the Maryland State Department of Budget and Management ("DBM") for the duration of their retirement. The Defendants have or will breach their contracts with the Plaintiffs and have impaired the Plaintiffs' constitutional rights by requiring Plaintiffs' election of Medicaid Part D coverage and barring Plaintiffs' access to the Maryland Rx Program based upon Plaintiffs' current or future Medicaid eligibility. On behalf of themselves and all other similarly situated vested retirees (believed to be more than 90,000), the Plaintiffs move the Court to reinstate the contractually and constitutionally protected rights to participation in the Maryland Rx Program.

## Parties

1. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

2. That Plaintiff, Kenneth Fitch, a citizen of the State of Maryland and is a resident of Baltimore County for more than one (1) year preceding the commencement of this action. Plaintiff began his employment with the State of Maryland in 1989 and after 23 years of service he retired in 2012. Plaintiff Fitch medications currently cost $930.00 in co-pays per year. If he is forced to choose Medicare Part D in the open enrollment the costs of his medications will increase to $11,683.10 in January 2019. Plaintiff Fitch vested prior to 2011.

*Fitch, et al. State of MD, et al.*

Complaint
Page 2 of 18

3. The Plaintiff, Phylis Reinard is a resident of North Carolina. Plaintiff Reinard began her employment with the State of Maryland in 1980 and retired after 33 years of service in 2013.

4. Plaintiff Reinhard's medication currently cost approximately $760 a month annually in co-pays. If she is forced to choose Medicare Part D in the open enrollment the costs of her medications will increase to $11,741.05 in January 2019. Plaintiff Reinard vested prior to 2014.

5. The Plaintiff Heim is a resident of Charles County, Maryland. Plaintiff Heim began her employment with the State of Maryland in 1997 and after 21 years of service in July of 2018. Plaintiff Heim paid $30,000 in April of 2018 to receive health benefits and prescription drug coverage when she retired. In June she was informed that her coverage would be terminated. Plaintiff Heim vested prior to 2014.

6. Plaintiff Frye is a resident of Carroll County, Maryland. Plaintiff Frye began her employment with the State of Maryland in 1976 and retired after 32 years of service in 2009. Plaintiff Frye's medication currently costs approximately $73.00 a month in co-pays. If she is forced to choose Medicare Part D in the open enrollment the costs of her medication will increase to $2017.00 a month. Plaintiff Frye vested prior to 2011.

7. That the Department of Budget and Management is responsible for the administration of retiree health benefits, including prescription drug coverage.

8. That David R. Brinkley is presently the Secretary for the Department of Budget and Management for the State of Maryland.

*Fitch, et al. State of MD, et al.*

Complaint
Page 3 of 18

9.   That Larry Hogan is presently the Governor of the State of Maryland and ultimately responsible for the actions of his cabinet member, the Secretary of Budget and Management.

## Class Action Allegations

10.   Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 2-231 of the Maryland Rules of Civil Procedure. The class(es) which Plaintiffs seek to represent in this action includes:

    a.   All currently retired persons who vested in the State Employee and Retiree Health and Welfare Benefits Program and who are also eligible for benefits under Medicare Part D prescription drug coverage.

    b.   All persons currently retired from the State of Maryland with more than 5 years of creditable service and who are currently eligible for benefits under Medicare Part D prescription drug coverage by way of disability or age.

    c.   All persons currently retired from the State of Maryland with more than 5 years of creditable service and who are not currently eligible for benefits under Medicare Part D prescription drug coverage by way of disability or age.

These classes are ascertainable and there is a well-defined community of interest among the members of the classes. Furthermore, the members of these classes are so numerous (expected to be more than 90,000 members of the class) that joinder of all members of the class is impractical.

11.   The following issues of law and fact, among others, exist as to members of each class:

    a.   That the members of each class are retired State of Maryland Employees;

---

*Fitch, et al. State of MD, et al.*

**Complaint**
**Page 4 of 18**

b.  That the members of each class are all vested, either in whole or in part, in the State Employee and Retiree Health and Welfare Benefits Program;

c.  That the members of each class have a vested right to participate in the Maryland Rx Program for prescription drug coverage as part of the State Employee and Retiree Health and Welfare Benefits Program;

d.  That the members of each class have a vested right to a subsidy paid by the DBM toward their participation in a prescription drug benefit with the same co-payments, coinsurance, and deductible that apply to the prescription drug benefits for an active employee of the State of Maryland;

e.  That the members of each class all had a contract with the State of Maryland to provide the foregoing prescription drug coverage during their retirement;

f.  The Defendants breached the contract with the members of each class by unilaterally reducing and/or terminating the above-mentioned vested prescription drug coverage benefits;

g.  The above-stated contract has been impaired by the enactment of Maryland Code State Personnel & Pensions Article Ann. 509.1(b) and 2-508(d) (2018)[1] ("the Statute"), COMAR 17.04.13.05d; 17.04.13.10(b)(3) ("the Regulations")

h.  The passage of those same statutes violated the class members constitutional rights of due process and equal protection under the law;

i.  The passage of those same laws constitutes a governmental taking of personal property of the members of each class without just compensation;

*Fitch, et al. State of MD, et al.*

Complaint
Page 5 of 18

j. That the members of each class have suffered damages due to Governor Hogan's failure to fully fund the State Share of the costs for prescription drug coverage in the State Budget as required by Maryland Code State Personnel & Pensions Ann. § 2-504, despite a sizable budget surplus.

k. The members of each class have been damaged by Secretary Brinkley failure to provide a prescription drug benefit to retirees eligible for Medicare Part D by age or disability.

l. That the members of each class have been damaged by Secretary Brinkley's failure to comply with the relevant provisions of the Department of Budget and Management Regulations contained or at COMAR 17.04.13.05(A)1-5.

m. The members of each class are all entitled to injunctive, declaratory and other relief, (including damages) for the above stated wrongful acts of the Defendants.

12. These questions of law and fact, common to the members of each class, predominate over any questions affecting only an individual member or a group of members of any class.

13. Plaintiff's will fairly and adequately protect the interests of each class, as that Plaintiff has no interests that are antagonistic to other members of any class and have retained competent counsel.

14. The Defendants have acted or refused to act and will continue to act or refuse to act, on grounds generally applicable to each class, thereby making appropriate injunctive or declaratory relief with respect to each class as a whole.

*Fitch, et al. State of MD, et al.*

Complaint
Page 6 of 18

15. Separate actions by individual members of each class would create a risk of inconsistent adjudications with respect to individual members of each class, which would establish incompatible standards of conduct for the Defendants.

16. This class action is superior to the alternatives, for the fair and efficient adjudication of this controversary. Prosecution as a class action, will avoid repetitious litigation. There will be no material difficulty in maintaining this action as a class action.

17. Defendants are sued herein in the matter of a contract, between the defendants, including the State of Maryland, on the one hand, and Plaintiffs on the other hand.

18. Therefore, no sovereign immunity exists as to said contractual claims.

19. In addition, Plaintiffs claims are based on the assertion of constitutional protection and rights and such claims are not subject to sovereign immunity.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

21. Plaintiffs all had at least five (5) years of creditable service with the State of Maryland prior to the enactment of the Statutes and Regulations and are, vested and eligible to receive prescription drug benefits from the State Health and Welfare Benefits Program ("the Program").

22. During the tenure of employment with the State of Maryland, Plaintiffs' were granted certain benefits appurtenant to their status as state of Maryland employees and as part of their overall compensation for employment.   One such benefit is prescription drug

*Fitch, et al. State of MD, et al.*

Complaint
Page 7 of 18

coverage through the Program. That is in place and/or maintained by Defendants on the date which Plaintiffs vest for benefits.

23. The Plaintiffs continued their employment as state of Maryland employees in exchange for certain deferred compensation from the State, including but not limited to retirement benefits and guaranteed health insurance benefits, which include prescription drug coverage, throughout the duration of their retirement.

24. The promise and provision of certain guaranteed health benefits, which include prescription drug coverage, for the duration of their retirement, induced the Plaintiffs and all other similarly situated to continue working as a state of Maryland employee and forgo additional options and opportunities for employment and benefits from other employers.

25. The legislature for the State of Maryland has codified the retirement benefits afforded to retirees of the State of Maryland. See Maryland Code State Personnel & Pensions Ann. § 1-101 et. seq.

26. Those codified retirement benefits originally included, amongst other things, eligibility for a health insurance benefit that expressly includes a prescription drug benefit plan. See Maryland Code State Personnel & Pensions Ann. §§ 2-502.1 and 2-508; COMAR 17.13.05(c)(1). These provisions created a contract between Plaintiffs and Defendants, including the State of Maryland, that obligated the State of Maryland to provide health benefits that included a prescription drug benefit plan.

27. In direct response to the Federal Medicare Prescription Drug, Improvement, and Modernization Act of 2003, the Maryland General Assembly reaffirmed its pre-existing contractual relationship with the Plaintiffs by codifying the legislature's intent for the health

*Fitch, et al. State of MD, et al.*

Complaint
Page 8 of 18

insurance benefits options to <u>continue</u> the inclusion of a prescription drug benefit plan in 2005. <u>See</u> Maryland Code State Personnel & Pensions Ann. § 2-509.1 (2005)[1]

28. The 2005 codification of the legislative intent makes clear that anyone vested at that time or vested prior to any subsequent amendment would be eligible for participation in a health insurance benefit that included a prescription drug benefit plan.

29. That in 2014, the Legislature altered its reaffirmation in § 2-509.1 to discontinue prescription drug benefits for Medicare eligible retirees in the year 2020.[2]

30. However, the 2014 amendment did not (and could not) alter the constitutionally protected property right of any person already retired or any person who had already vested at the time of the 2014 amendment to participate in a health benefit plan that included a prescription drug benefit plan subsidized by the State of Maryland during the individual's retirement.

31. Prior to the enactment of the 2014 amendment, the Maryland Code 2-508 required a State of Maryland employee to have worked at least 5 years to be eligible for participation in a

---

[1] 2005 - Maryland Code State Personnel and Pensions Ann. § 2-509.1(2005).
   (a)  Enrollment in Program -- Prescription drug benefit plan. -- The State shall continue to include a prescription drug benefit plan in the health insurance benefit options established under the Program and available retirees §§ r2-508 and 2-509 of this subtitle notwithstanding the enactment of the federal Medicare Prescription Drug Improvement, and Modernization Act of 2003 or any other federal law permitting states to discontinue prescription drug benefit plans to retirees of a state.

[2] 2014 - Maryland Code State Personnel and Pensions Ann. § 2-509.1(2014).
   (a) Enrollment in Program -- Prescription drug benefit plan. -- The State shall continue to include a prescription drug benefit plan in the health insurance benefit options established under the Program and available retirees §§ r2-508 and 2-509 of this subtitle notwithstanding the enactment of the federal Medicare Prescription Drug Improvement, and Modernization Act of 2003 or any other federal law permitting states to discontinue prescription drug benefit plans to retirees of a state
   (b) Discontinuance of benefits in 2020. -- The State shall discontinue prescription drug benefits for Medicare-eligible retirees in fiscal year 2020.

---

*Fitch, et al. State of MD, et al.*

**Complaint**
**Page 9 of 18**

health benefit plan that included a prescription drug benefit plan subsidized by the State of Maryland.

32. The terms of the contract between of the State of Maryland and State of Maryland employees, including Plaintiffs, contain the following provisions:

> As to employees with a start date on or before June 30, 2011, "If a retiree receives a State disability retirement allowance or has 16 or more years of creditable service, the retiree or the retirees' surviving spouse or dependent child is entitled to the same State subsidy allowed a State employee. In all other cases, if a retiree has at least 5 years of creditable service, the retiree or the retiree's surviving spouse or dependent is entitled to 1/16 of the State subsidy allowed a State employee for each year of the retiree's creditable service up to 16 years."

Md. Code State Personnel & Pensions Ann. § 2-508(b)(4)(i) and (ii).

33. On March 28, 2018, the Maryland General Assembly further amended §2-509.1. The 2018 Amendment, in pertinent part, altered the Legislature's reaffirmation in § 2-509.1 to discontinue prescription drug benefit plan for Medicare eligible retirees on January 1, 2019.

34. However, the 2018 amendment did not (and could not) alter the constitutionally protected property right of any person already retired or any person who had already vested at the time of the 2014 amendment to participate in a health benefit plan that included a prescription drug benefit plan subsidized by the State of Maryland during the individual's retirement.

*Fitch, et al. State of MD, et al.*

Complaint
Page 10 of 18

35. In May 2018, Plaintiffs were notified by DBM that they were obligated to register for Medicare Part D and would be no longer eligible for participation in the State's Prescription Drug Coverage Plan; a breach of their vested health benefit rights as described above.

## COUNT I – DECLARATORY JUDGMENT

36. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

37. That the retirement benefits offered to the Plaintiffs upon his/her employment with the State of Maryland included, *inter alia*, a Health and Welfare Benefits Program. See Maryland Code State Personnel and Pensions Ann.§2-501 *et seq.*

38. That the Health and Welfare Benefits Program included a prescription drug program. Maryland Code State Personnel and Pensions Ann. § 2-502.1.

39. That retirees have always been eligible for participation in the Health and Welfare Benefits Program including prescription drug coverage.

40. That the eligibility of retirees, such as the Plaintiff, is codified in Maryland Code State Personnel and Pensions Ann. § 2-508.

41. That since its original codification, Maryland Code State Personnel and Pensions Ann. § 2-508 has always expressly included retirees with a certain number of creditable service years in those eligible for participation in the State's Health and Welfare Benefits Program.

42. That prior to the General Assembly's 2013 amendment to Maryland Code State Personnel and Pensions Ann. § 2-508, a retiree needed 16 years of creditable service to be eligible to enroll in the State's Health and Welfare Benefits Program. The 2013 amendment increased the requisite creditable service years to 25 years.

*Fitch, et al. State of MD, et al.*

Complaint
Page 11 of 18

43. That upon reaching these service thresholds, an employee of the State of Maryland becomes entitled to the receipt of these benefits; stated another way, the employee becomes vested.

44. That the notices received by the Plaintiffs in May 2018 evidence that the State of Maryland fails to acknowledge the Plaintiffs' rights as retirees to participate in the State's Health and Welfare benefits program as a contractual obligation earned after the appropriate years of service.

45. The basis for the Defendants' failure to acknowledge the Plaintiffs' vested right to participate in the State sponsored Health Benefit Plan that includes a prescription drug benefit plan are the subsequent legislative changes to Md. Code State Personnel and Pension Ann. § 2-509.1.

46. That Plaintiffs maintain that the legislature subsequent changes to §§ 2-509.1 and 2-508 are ineffective in altering their vested right to participate in the State sponsored Health Benefit Plan that includes a prescription drug benefit plan.

47. Thus, there exists an actual controversy of a practicable issue between Plaintiffs and Defendants within the jurisdiction of this Court involving the rights and liabilities of the parties under a contract, which terms may be determined by a judgment of this Court; namely, whether the vested rights of the Plaintiffs included a right to participate in a health benefit plan that includes a prescription drug benefit plan during the course of Plaintiffs' retirement.

48. Insofar as there arises a conflict amongst the parties as to the rights, duties, privileges, and obligations of the parties as to the validity or constitutionality of the above referenced

*Fitch, et al. State of MD, et al.*

Complaint
Page 12 of 18

statutes and regulations, this Court may find, declare, or establish said rights as dictated by law and equity under the circumstances.

## COUNT II – ANTICIPATORY BREACH

49. That the Plaintiffs alleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

50. The Plaintiffs and the Defendants have a contract as outlined above.

51. The notice received in May of 2018 from DBM is a definite, positive and unconditional refusal by the Defendants to perform under the terms of the contract described above.

52. The Defendants have definitely and specifically refused to provide a health benefit plan with a prescription drug benefit.

53. Should the Defendants' nonperformance under the terms of the contract outlined above be excused, the Plaintiffs will be forced to enroll in the Medicare Part D prescription drug plan.

54. Medicare Part D prescription drug plan includes fewer medications in its formulary than the State sponsored plan to which the instant vested retirees are currently eligible. In addition, the out of pocket costs for prescription drugs under Medicare Part D prescription drug plan are significantly higher under the State sponsored plan to which the instant vested retirees are currently eligible.

## COUNT III – GOVERNMENTAL TAKING WITHOUT JUST COMPENSATION

55. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

*Fitch, et al. State of MD, et al.*

**Complaint**
**Page 13 of 18**

56. That pension benefits, including retiree health benefits, are a form of deferred compensation and constitute a property right.

57. That reducing the availability of previously promised retiree health benefits is an unconstitutional violation of the Takings Clause of the Fifth Amendment of the United States Constitution made applicable to the actions complained of by the Plaintiffs by the Fourteenth Amendment.

58. That reducing the availability of previously promised retiree health benefits is also an unconstitutional violation of the Takings Clause of Article III, §40 of the Maryland Constitution.

59. That the State of Maryland has not compensated the Plaintiffs for the reduction in their retiree health benefits despite their property right in the same as described below.

60. As a result of this impairment of contract, Plaintiffs have been damaged in an amount more than $50,000.00 per member of each class.

## COUNT IV – UNCONSTITUTIONAL IMPAIRMENT OF CONTRACTS

61. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

62. Defendants' acts complained of herein have deprived Plaintiffs of the protection against impairing the obligations of contracts in violation of Article 1, § 10 of the United States Constitution.

63. As a result of this impairment of contract, Plaintiffs have been damaged in an amount in excess of $ 50,000.00 per member of each class.

*Fitch, et al. State of MD, et al.*

Complaint
Page 14 of 18

## COUNT V – UNCONSTITUTIONAL IMPAIRMENT OF CONTRACTS

64. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

65. Defendants' failure to provide Plaintiffs with access to participate in the Health Benefit Plan that includes a prescription drug benefit plan and other acts in depriving Plaintiffs of said earned benefits constitute a deprivation of property without due process of law in violation of Article 24 of the Maryland Constitution.

66. As a result of this impairment of contract, Plaintiffs have been damaged in an amount in excess of $ 50,000.00 per member of each class.

## COUNT VI – EQUAL PROTECTION

67. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

68. Defendants acts complained of herein have deprived Plaintiffs of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

## COUNT VII – Petition for Issuance of Writ of Mandamus, or in the alternative, a Preliminary and Permanent Injunction/Specific Performance

69. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

70. Defendants will illegally cease to provide the Plaintiffs with a Health Benefit Plan that includes a prescription drug benefit plan, despite the Plaintiffs vesting pursuant to the relevant statutes and regulations.

*Fitch, et al. State of MD, et al.*

Complaint
Page 15 of 18

71. Plaintiffs are entitled to the issuance of a writ of mandamus requiring that the Defendants reinstate and continue to provide the already vested health benefits including a prescription drug benefit plan to Plaintiffs and others similarly situated.

72. In the alternative to the issuance of a writ, Plaintiffs are entitled to the issuance of a preliminary and permanent injunction requiring the Defendants to reinstate and provide the already vested health benefits including a prescription drug benefit plan to Plaintiffs and others similarly situated.

73. Plaintiffs are likewise entitled to an order for specific performance requiring Defendant to provide the already vested health benefits including a prescription drug benefit plan to Plaintiffs and others similarly situated per the terms of the contract.

### COUNT VIII – Constructive or Resulting Trust

74. That the Plaintiff realleges and incorporates herein by reference all the allegations contained in the preceding paragraphs.

75. As a consequence of Defendants' acts complained of herein, Plaintiffs and other members of each class are entitled to have a constructive or resulting trust impressed upon all funds held by

Defendants to which Plaintiffs and other members of each class are entitled, and the actuarial equivalent of the underpayment and interest thereon.

**WHEREFORE**, Plaintiffs including all persons similarly situated request that Defendants be cited to appear in this action, and that the Court grant the following relief:

a.   That the Court certify this action as a class action;

*Fitch, et al. State of MD, et al.*

Complaint
Page 16 of 18

b.  That the Court order Defendants to identify members of the class and to provide a full accounting of all past, present, and future benefits to which Plaintiffs and other class members are entitled as a consequence of his or her and other class members being vested with the foregoing Health Benefits;

c.  That the Court order Defendants to immediately reinstate health benefits including a prescription drug benefit plan to Plaintiffs and others similarly situated;

d.  That Defendants be ordered to reinstate Plaintiffs' vested benefits in the form of a Writ of Mandamus, a preliminary and permanent injunction, or specific performance;

e.  For damages caused by Defendants' breach of contract and/or impairment of contract or other constitutional violations;

f.  That this mater be tried before a jury on all issues so triable;

g.  That Defendants be required to pay all costs incurred by Plaintiffs in this action, including prejudgment and post judgment interest and reasonable attorney's fees, as allowable; and

h.  Such other and further relief, to which Plaintiff is justly entitled.

Respectfully,

Breon L. Johnson
29 W Susquehanna Ave, Suite 702
Towson, MD 21204
P: (443) 710-7474:
F: (443) 836-0783
CPF: 1312180050

Deborah Holloway Hill
29 W Susquehanna Ave, Suite 702
Towson, MD 21204
P: (410) 428-7278
F: (866) 499-6906
CPF: 081217

*Fitch, et al. State of MD, et al.*

Complaint
Page 17 of 18

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury on all counts.

Respectfully submitted,

Breon Lamar Johnson
29 W Susquehanna Avenue, Suite 702
Towson, MD 21204

Fitch, et al. State of MD, et al.

Complaint
Page 18 of 18