**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(GREENBELT)**

| | | |
|---|---|---|
| **KENNETH FITCH**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Case No.: **1:18-cv-02817-PJM** |
| | * | |
| **STATE OF MARYLAND**, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFFS MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE

The State of Maryland entered into a contract with its employees to provide health benefits, inclusive of a prescription drug program, upon vesting and during retirement.  The Plaintiffs contend that the State have or will breach their contract with the Plaintiffs and all those similarly situated and have impaired the contractual and constitutional rights constituting a governmental taking under the US Constitution.  The named Plaintiffs seek to restore the earned contractual benefit under the Employee and Retiree Health and Welfare Benefit Program to all members of the putative class as defined by the Amended Motion for Class Certification.   Now in the twilight of their lives, Medicare Eligible State Retirees  must battle the Attorney General's Office to keep a vested benefit that they earned.  On the day that a Reply to the Defendants opposition to the Motion for Class Certification was filed, these State Retirees were introduced to another foe.  Members of a state union and attorneys retired from the Office of the Attorney General have filed a Motion to Intervene.  These Movants have not brought to this Court an allegation that the claims in the Plaintiffs Complaint, Injunction or Motion for Class Certification were not well argued or researched.  Rather it is their express purpose to delay any Court action on this case so they can (1) find other counsel; (2) remove from consideration

the appointment of Kenneth Fitch as proposed Class Representative; and (3) replace the proposed class representative with members of the union and attorneys retired from the Attorney General Office. Their basic claim is that counsel is not qualified to pursue class action and the Proposed Class Representative Kenneth Fitch should not represent the class because of a fictitious promise, and his lack of a law degree.  These claims are absurd on their face and the Court should reject this attempt to intervene in this action.

## I.     BACKGROUND

The Plaintiffs, Kenneth Fitch, Phylis Reinard, Deborah Heim and Mary Frye filed the above action to stay enforcement of the 2014 Amendment of Maryland Code Annot. State Personnel and Pensions § 2-509.1 passed by the Maryland General Assembly.[1]  This Act affected all state employees current or retired who had already vested to participate in a health benefit plan that included a prescription drug benefit subsidized by the State of Maryland during that individual's retirement. The Named Plaintiffs and thousands of other Medicare Eligible State Retirees received notice of the elimination of the prescription drug benefit by a letter dated May 15, 2018.  All Medicare Eligible State Retirees would be denied access to the State Plan and forced onto Medicare Part D only for their prescription drug coverage.

In June of 2018, the Proposed Class Representative Ken Fitch ("PCR Fitch") sought other affected members to combat this stunning revelation using all avenues at his disposal including social media.  He was not successful in his efforts, so he created his own group ("WE MATTER RXdrug Coverage Group") on Facebook.   Plaintiff, Phylis Reinard was the first to join the group, followed by Plaintiff Deborah Heim and then Plaintiff Mary Frye.  Many others joined expressing the same shock and sharing the devastating costs of their prescription drug coverage if the benefit was not

---

[1] Acts 2014, c. 45, § 5; Acts 2014, c. 477, §1, eff. Oct. 1, 2014

reinstated.  PCR Fitch instituted an outreach to find and inform unsuspecting and absent State Retirees of this issue.  Members of his group include Maryland State Retirees who have relocated to Puerto Rico, Florida, Texas, South Carolina, North Carolina, West Virginia, Alabama, Pennsylvania, Delaware, New York, Africa and even Germany, all of whom joined WE MATTER just to get information regarding the legislative and legal efforts.  PCR Fitch and members of the WE MATTER RXdrug Coverage Group ("WE MATTER") had vested in a health benefit that included prescription drug coverage through the State Employee and Retiree Health and Welfare Program and needed action to reverse the elimination.  However, the time to act was short.  Medicare Eligible State retirees had to enroll in Medicare Part D beginning October 15, 2018. PCR Fitch was certain that if nothing was done by then, he and thousands of others with the same claim, would be financially ruined as a result of the State's breach of contract. His own prescription coverage would increase to over $11,000.00 a year and on a fixed income he could not afford that expenditure.

In July of 2018, PCR Ken Fitch sought help from the legislative branch to stay the enactment of the 2014 Amendment through letters, emails and phone calls.  He organized mini town hall meetings with legislators, and WE MATTER members to educate the legislators on the limitations of Medicare Part D and proposed a special session prior to commencement of enrollment.  However, legislators did not want to call a special session because it was an election year, so his efforts were unsuccessful.  In August of 2018, PCR Fitch concentrated his efforts on the Executive Branch to seek stay of enactment through a special session, here to his efforts were unsuccessful. The Governor's Chief of Staff stated that reinstatement of the benefit was not an option and the Governor wanted a reimbursement plan for one year only and then State Retirees were on their own. As a result of his unsuccessful attempts with the Legislative and Executive Branches of Maryland government, PCR Fitch approached counsel to begin a judicial effort to restore a vested benefit on behalf of himself and all others similarly situated.  The Proposed Class Representative spoke to and recruited the other

named Plaintiffs in this action and went over the arguments with counsel.  Since notification of the termination of a vested benefit, the Proposed Class Representative with the Named Plaintiffs have actively and vigorously represented the interests of the purported class at the expense of his own health and was in the hospital with total kidney failure while arguments were made before the Court for a Preliminary Injunction.  Shortly after leaving the hospital, PCR Fitch held a meeting on the Eastern Shore.  He needed a walker and had to be physically helped into the vehicle.  Even with those limitations, he appeared to inform State Retirees of the loss of their vested benefits and what the actions he was taking to fight for restoration.

All documents, pleadings and exhibits are incorporated by reference.

## II.    Standard of Review

A party may intervene as of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Fourth Circuit has stated that  a party seeking to intervene as of right to meet four requirements: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." Houston Gen. Ins. Co v. Moore, 193 F. 3d 838, 839 (4th Cir. 1999). The third factor requires a showing that denial of the motion would result in the "[p]ractical impairment" of the movant's ability to protect its interest. Feller v. Brock, 802 F.2d 722, 730 (4th Cir. 1986). As to the fourth factor, a movant must demonstrate "adversity of interest, collusion, or nonfeasance." Commonwealth of Va. v. Westinghouse Elec. Co., 542 F. 2d 214, 216 (4th Cir. 1976). The "burden of showing an inadequacy of representation is minimal." Id.

Permissive intervention is warranted where the movant "has a claim or defense that shares with the main action a common question of law or fact" and where intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (3).

### III.   Movants are not entitled to Intervene As A Right.

The members of the union and the attorneys retired from the Attorney General's office ("collectively Movants") are not moving to insert themselves into this litigation to present a new claim or a new defense, they expressly stated they want to intervene for the limited purpose of delaying this action by making false allegations against the appointment of the proposed Class Representative and counsel.

### a.   Timeliness

The Supreme Court has stated that "[w]hether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24 (a) and Rule 24 (b), that the application must be "timely." If it is untimely, intervention must be denied. NAACP v. New York, 413 US 345 (1973). Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances. NAACP v. New York, 413 US 345, 366 (1973). However, Courts are reluctant to grant intervention where the intervenor appears to have known of the litigation and delayed unduly in to intervene. Mary Kay Kane, 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1916 (3d ed. 2018).

The Plaintiffs argue that the Movants seek to delay unduly this litigation and have known about this issue for thirteen months and the commencement of litigation for eight months.  The Motion to Intervene expressly wants to replace Proposed Class Representative Fitch ("PCR Fitch") with "qualified and experienced attorneys who are able to adequately represent the class" as well as a pool of movants who have strong ties with a local union chapter in Maryland.[i]  If that is the case why

have they waited so long?  There has been ample opportunity for the "qualified and experienced attorneys" to do so without having the named Plaintiffs and contributing members of the purported class incur additional litigation fees to defend their choice of class representative and counsel.  If these "qualified and experienced attorneys" and union members are a part of the putative class, then they received a letter just as PCR Fitch did in late May or June of 2018.  They did nothing.  In fact, the "qualified and experienced" attorneys could have chosen an attorney amongst themselves to seek judicial intervention. These local union members who are moving to intervene could have used their own counsel to pursue State Retirees rights.  They choose not to. It took a working class, disabled building manager retired from the State to begin this effort, to notify state retirees, and fight for the rights of these "qualified and experienced attorneys" and local union members.

The fact that these "qualified and experienced attorneys" are retired from the Attorney General's Office makes the timing of this motion more suspect. Despite having thirteen months to bring forward these concerns to the named Plaintiffs or counsel, the Movants ask the Court to reward them for their constipated reaction and stop all action until they have found another attorney and have themselves appointed as Class Representatives.  "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984).  The Plaintiffs submit that seeking intervention for the limited purpose of acquiring other counsel and removing PCR Fitch is untimely and suspect in consideration of this context.

   b.    **Movants have an interest in the Subject Matter however Proposed Intervenors' Interests Will Not Be Impaired**

The Supreme Court has held that "commencement of class action suspends the applicable statute of limitations as to all asserted members of the class who would have parties had the suit been permitted to continue as a class action". American Pipe & Constr. Co. v. Utah 414 U.S. 538 (1974). (the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for

class action status). Hence the Movants are not impaired if this Motion to Certify Class is not successful mooting their argument that their economic stake in the outcome is in jeopardy.

In addition, the purpose of the Motion to Intervene is not to present argument for or against the Plaintiffs' stance, it is solely for the opportunity to object to the appointment of the class representative and counsel.

### c.       Movants Interests Are Adequately Represented in this Action

The Supreme Court "has repeatedly held [that] a class representative must be part of the class and `possess the same interest and suffer the same injury' as the class members." East Texas Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S. Ct. 1891, 52 L.Ed.2d 453 (1977) (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216, 94 S. Ct. 2925, 41 L.Ed.2d 706 (1974)).  First, PCR Fitch does not have any special prescription drug coverage or the benefit of a promise of special prescription drug coverage that would preclude his representation of the putative class.  He is Medicare-Eligible, worked for and retired from the State of Maryland, and vested in a health benefit that includes prescription drug coverage like all those similarly situated in the purported class and as defined in the Amended Motion for Class Certification.  He maintains that the State's breach of that contract violated the Contracts Clause and was a taking under the Takings Clause.  He seeks reinstatement of that benefit.   The allegations that he is not a member of this class is false and seeks to question the standing of a named Plaintiff. Aside from being a member of this class PCR Fitch has done more than anyone else to inform absent class members of the loss of their vested benefit through his Facebook page, meetings, postings and articles. To think that Fitch would fight so hard to restore benefits and inform other State Retirees of this issues if he himself was not a member of the putative class makes the motives of the Movants suspect..

"When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must

demonstrate adversity of interest, collusion, or nonfeasance." <u>Commonwealth of Virginia v.</u> <u>Westinghouse Electric Corporation</u>, 542 F. 2d 214 (1976) quoting <u>Ordnance Container Corp. v. Sperry</u> <u>Rand Corp.</u>, 478 F.2d 844 (5th Cir. 1973). Here all allegations toward PCR Fitch are false or confusing, but none reach the level of demonstrating adversity of interest, collusion or nonfeasance. The Movants contend that Mr. Fitch's interests are different because:

1. He accepted lower pay with the State in exchange for superior benefits.

2. He was employed by the State in 1989 and retired in 2012 after 23 years of service;

3. That he vested in the State's Retirees Benefits Plan;

4. That his claim that all members of the class allege claims arising out of a breach of contractual obligation are based on the same legal theories by the named Plaintiff are both unsupported and inaccurate. [2]

Plaintiffs have already demonstrated that PCR Fitch is typical of the class unlike the Movants who wish to replace him. He, like many other State Retirees, accepted lower pay with the State in exchange for superior benefits during retirement years. Of course, no one Plaintiff is identical to the start time of employment, the length of years or when they retire. But the "interest in prosecuting" the class representative's own case must "simultaneously tend to advance the interests of the absent class members." <u>Deiter</u>, 436 F.3d at 466. The plaintiff's claim "cannot be so different from the claims of absent class members that their claims will not be advanced by" proof of the plaintiff's own individual claim. <u>Id</u>. at 466-67. These claims do not have to be factually or legal identical, but the class claims should be fairly encompassed by those of the named Plaintiffs. <u>Broussard v. Meineke Discount</u> <u>Muffler Shops, Inc.</u>, 155 F.3d 331, 344 (4th Cir. 1998). In addition, the crux of PCR Fitch's claim is that the State has violated the Contracts Clause under the US Constitution by retroactively eliminating a vested benefit. If the Movants find the Named Plaintiffs argument a unique circumstance that makes

---

[2] Motion to Intervene Page 22.

PCR Fitch unsuitable to become Class Representative, then it was incumbent upon them to timely file either their own action or present an argument that would necessitate intervention.

The Motion to Intervene criticized counsel's competency at length try this case. However Movants do not want to recall that I and co-counsel began this case because no other entity, attorney or public firm (including the "qualified and experienced attorneys who retired from the Attorney General's office) stepped forward to combat the State regarding the elimination of a vested benefit to Maryland State Retirees. Prior to accepting this representation, co-counsel and I spent countless hours researching the complexities of this litigation. That has continued.

> An attorney need not necessarily have special training or prior experience to handle legal problems of a type with which the attorney is unfamiliar. A newly admitted attorney can be as competent as a practitioner with long experience. Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems. Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized knowledge. An attorney can provide adequate representation in a wholly novel field through necessary study. Competent representation can also be provided through the association of an attorney of established competence in the field in question.

Maryland R. Civ. P. Rule 19-301.1(2) Comment 2.

Effort and hard work, diligent study and research helped formulate the Complaint, the Injunction and the Certification Motions, none of which are being contested as presenting a fallible argument or position. In fact, the Motion Intervene uses the class description to identify the Movants. The Motion's Reliance on counsel's work belie the need to question the competency of the person who produced that work. Also, it is ludicrous to supposition that once co-counsel withdrew from this

litigation that all efforts are not being made to obtain additional counsel and the allegation that one is not being sought or has offered and been rebuffed is again false.   So far the contentions used by the Movants have been false and again the motivation of this filing is questioned.

The Movants contend that discussion of counsel's qualifications is evasive since nothing was said of class action experience or resources that will be committed to representing this class. Both allegations are false.  In Counsel's Affidavit, she laid out her experience.  It did not include class action suits.  That is not evasive it is realistic, honest and true. Also, in that Affidavit, counsel clearly indicated that funding for this suit was derived from donations from affected State Retirees. So again, the allegations in the Motion to Intervene are false.

**d.  Movants are not entitled to intervene as Permissive under Rule 24(b)**

In deciding a motion for permissive intervention, the Court must determine whether the movant "has a claim or defense that shares with the main action a common question of law or fact" and where intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (3).  As stated above, the contention that PCR Fitch's claims and defenses to the elimination of a vested benefit are a unique circumstance that warrants his unsuitability as proposed class representative, highlight that Movant needs to articulate a claim or defense that shares with the main action a common question of law or fact.  The Movants have all said they had prescription drug coverage through the State, however they do not think that PCR Fitch's argument is typical of the class and have not chosen to advance one of their own as a result the Movants have not demonstrated that its claims actually share a common question of law or fact with the Plaintiffs actions.

Here, although this case is at a relatively early stage of proceedings, seeking counsel to replace the attorney of record to represent the purported class will delay and complicate resolution of this matter. Despite their conclusory assertions, the Movants fail to demonstrate that their intervention

will not cause undue delay, since it is for the limited purpose of removing counsel and the proposed

Class Representative, two actions which belie the supposition that there will be efficient processing of

this action. More important, their assertion that their addition as named plaintiffs in this case will not

result in any undue delay because the litigation is still at a "very early stage" fundamentally mistakes

the nature of the problem—the true impact of adding additional parties and attorneys who would not

co-counsel but take over the case on an already pending litigation.   In addition, they pre-suppose that

having union members and attorneys retired from the Attorney General's office to represent State

Retirees of the purported class is in the Class' best interest.  The perception alone will be the cause of

speculation and confusion and distrust.  The Attorney General's office fighting attorneys retired from

the Attorney General's office?  How can this pass the smell test in the minds of senior citizens who

are facing financial ruin?  How can State Retirees not fear collusion or nonfeasance? The Court, in

good conscience cannot let such an important case that reviews a novel issue in Maryland be sidelined

by this type of perception.

　　　　Lastly, Movants contend that competency questions increase because counsel failed to use 42

U.S.C. § 1983 as a claim in their complaint. A suit against a state official in his or her official capacity

is a suit against the state, and so is barred by the Eleventh Amendment unless (so far as pertains to

this case) the state has waived its Eleventh Amendment immunity from suit in federal court. Since

section 1983 does not authorize suits against states (states not being "persons" within the statute's

meaning), Arizonans for Official English v. Arizona, 520 U.S. 43, 69, 117 S. Ct. 1055, 137 L.Ed.2d

170 (1997); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L.Ed.2d 45

(1989), Higgins v. Mississippi, 217 F.3d 951, 953 (7th Cir. 2000), "a suit against a state official in his

or her official capacity is not a suit against the official but rather is a suit against the official's office.

As such, it is no different from a suit against the State itself." Will v. Michigan Dep't of State

Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989).  A state… is not "a `person' within

the meaning of 42 U.S.C.§ 1983." <u>Kelly v. Bishop,</u> No. RDB-16-3668, 2017 WL 2506169, at *4 (D. Md. June 9, 2017) (citing <u>Will</u>, 491 U.S. at 64-65 & 70-71, 109 S. Ct. 2304). Therefore, a State official in his official capacity is not subject to a § 1983 action. <u>See Will</u>, 491 U.S. at 64-65 & 70-71, 109 S. Ct. 2304

### e.  False Allegations Made to Delay Litigation

Black's Law Dictionary defines the term false as follows:  FALSE. Not true. <u>State v. Arnett,</u> 338 Mo. 907, 92 S.W.2d 897, 900; <u>Sentinel Life Ins. Co. v. Blackmer</u>, C. C. A. Colo., 77 F.2d 347, 352. It also means: <u>Artificial. U. S. v. Darby</u>, D. C. Md., 2 F. Supp. 378, 379; <u>Sentinel Life Ins. Co. v. Blackmer</u>, C. C. A. Colo., 77 F.2d 347, 352; assumed or designed to deceive. <u>Sentinel Life Ins. Co. v. Blackmer</u>, C. C. A. Colo., 77 F.2d 347, 352; <u>North American Accident Ins. Co. v. Tebbs</u>, C. C. A. Utah, 107 F.2d 853, 855; contrary to fact. <u>In re Davis</u>, 349 Pa. 651, 37 A. 2d 498, 499; counterfeit, <u>Sentinel Life Ins. Co. v. Blackmer</u>, C. C. A. Colo., 77 F.2d 347, 352; <u>North American Accident Ins. Co. v. Tebbs</u>, C. C. A. Utah, 107 F.2d 853, 855; deceitful; deliberately and knowingly false, <u>People v. Mangan</u>, 140 Misc. 783, 252 N.Y.S. 44, 52; designedly untrue, <u>W. T. Rawleigh Co. v. Brantley</u>, 97 Miss. 244, 19 So.2d 808, 811, 157 A.L.R. 188; erroneous, <u>Abel v. Paterno</u>, 153 Misc. 248, 274 N.Y.S. 749; <u>Gilbert v. Inter-Ocean Casualty Co. of Cincinnati, Ohio,</u> 41 N.M. 463, 71 P.2d 56, 59; hypocritical; sham; feigned, <u>Sentinel Life Ins. Co. v. Blackzrfer, C.C.A. Colo.</u>, 77 F.2d 347, 352; <u>North American Accident Ins. Co. v. Tebbs</u>, C. C. A. Utah, 107 F.2d 853, 855; incorrect, <u>State v. Arnett</u>, 338 Mo. 907, 92 S.W.2d 897, 900; intentionally untrue. <u>In re Venturella</u>, D. C. Conn., 25 F. Supp. 332, 333; <u>In re Cleveland, D. C. Mich.</u>, 40 F. Supp. 343; not according to truth or reality. <u>State v. Arnett</u>, 338 Mo. 907, 92 S.W. 2d 897, 900; <u>North American Accident Ins. Co. v. Tebbs</u>, C. C. A. Utah, 107 F.2d 853, 855; not genuine or real; <u>U. S. v. Darby</u>, D. C. Md., 2 F. Supp. 378, 379; <u>North American Accident Ins. Co. v. Tebbs, C. C. A. Utah</u>, 107 F.2d 853, 855; uttering falsehood; unveracious; .given to deceit; dishonest, <u>Wilensky v. Goodyear Tire & Rubber Co.,</u> C.C.A. Mass., 67 F.2d 389, 390; willfully and

intentionally untrue. In re Brown, D.C.N.Y., 37 F. Supp. 526, 527; North American Accident Ins. Co. v. Tebbs, C. C. A. Utah, 107 F.2d 853, 855. [3]Here, the purported facts asserted about PCR Fitch are false and have no evidentiary support by Movants.

First, PCR Fitch is a member of this class and has a personal interest in the outcome of this litigation because he is a state retiree that will be affected if this benefit is not reinstated.  For the Movants to state unequivocally that PCR Fitch received "an individual promise that was made to him regarding health insurance coverage" is False. The Movants assert that this qualifies as unique circumstances as PCR Fitch is the only member of the putative class who received this promise and therefore is unable to be appointed as Class Representative. This did not happen, and the Movants cannot produce any evidence to the contrary.

Clearly this allegation was intended to have the motion to intervene appear facially soluble, but since the allegation is untrue it is substantively vapid. No promise was made, considered or accepted.  Nor is this contention supported by any of the Movants. Still, the Supreme Court has already indicated that an "unaccepted offer to a lead class plaintiff does not moot the case, which remains alive as long as the Plaintiff has "a concrete interest, however small in the litigation's outcome." Campbell-Ewald v. Gomez 136 S. Ct. 663 (2016). The intent of this false allegation was to smear the reputation of the man who has become the unspoken leader of this grass roots movement to restore a vested benefit to current and future Medicare Eligible retirees.

The Movants state that Fitch does not want to work with co-counsel and there is no avenue for co-counsel to enter the case.  That is false.  Not one of the Movants ever contacted Fitch or counsel with an offer to help in the litigation or to suggest someone to help in the litigation.  Since counsel has already had co-counsel it is again ludicrous to supposition that any help would be rebuffed. In addition, Movants noticeably failed to support to this allegation and none of the Movants outlined

---

[3] Blacks Law Dictionary. 4th Edition, St. Paul Minn. West Publishing Co. 1968.

their attempts to contact either party in regard co-counsel. As stated above Movants had over a year to bring suit with their own counsel or have one of the "qualified and experienced attorney" file on their behalf and chose not to do so.

Movants stated that counsel was being evasive by not talking about her class action experience. That was false. Counsel outlined to the Court her experience, which did not include class action suits. That was not evasive.  In addition, Movants stated that counsel was being evasive about resources to fund this action.  That is false.  Counsel clearly articulated that her resources were derived from funding from donations.  Movants stated that offers to co-counsel were being rebuffed.  That is false. Having begun this suit with co-counsel, Counsel welcomes any legitimate offer to help with this case.

The only purpose of this allegations was to buttress the illusion that Movants had a cohesive and justifiable reason to disqualify PCR Fitch and counsel for consideration of appointment.  PCR Fitch has pursued relief for Medicare Eligible retirees for over a year.  To suppose that he would act contrary to his interest strains the limit of credulity and again calls into question the nature and purpose of this Motion to Intervene.

 It is undisputed that seven of the fifteen proposed intervenors are retired from the  Attorney General's office, the Motion to Intervene was filed on the day the Reply to the Attorney General's response was due and that most, if not all, the Movants have strong ties with a local union office in Maryland.  This understandably leads to ripe speculation and inference that this intervention seeks to delay and hinder continued litigation in this matter and needlessly increase the cost of litigation for the putative class these Movants seek to represent. If the Court determines that PCR Fitch is not the best representative for this class then its strongest advocate for state retiree rights in this matter will be removed.

Based on the foregoing reasons, the Plaintiffs respectfully ask the Court to deny the Motion to Intervene.

_____/s/ Deborah Hill_____
Deborah A. Holloway Hill (Bar 28384)

102 W Pennsylvania Avenue, Suite 401
Towson, MD 21204
O: 410.428.7278
F: 866.499.6906
DAHHLaw@outlook.com

*Attorney for Plaintiffs*

---

i Movants Memorandum page 1.