**IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KENNETH FITCH, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | No. 1:18-cv-02817-PJM |
| STATE OF MARYLAND, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiffs' "amended motion for class certification" is procedurally improper and should be denied for that reason alone. Moreover, even if the Court were to construe the motion as one to amend the complaint and for certification of the amended class, leave to amend should be denied because the amendment would be futile[1] for the same reasons expressed in State Defendants' opposition to class certification, ECF 40, which is incorporated here by reference. Nothing about the new class definition remedies the issues with ascertainability, commonality, and typicality identified in relation to the previously proposed class. Nor are the factors specific to Rule 23(b) satisfied by plaintiffs' new motion. Plaintiffs' production of a handful of additional affidavits asserting similarly

---

[1] State defendants would also suffer limited prejudice if the class is certified to include current employees who entered into State service prior to July 1, 2011 and had five years of creditable service before October 1, 2014. Both undersigned counsel would fall within any such class definition and therefore substitution would need to be arranged.

atypical and fact-intensive claims of individual reliance do not resolve the issues in adjudicating what amount to equitable contract claims *en masse*.

## ARGUMENT

**I.   PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER AND SHOULD BE DENIED.**

Amendment of pending motions is not permitted by the Federal Rules of Civil Procedure.  And request for leave to amend a complaint, where the plaintiffs' putative class definition appears, must be made in a separate motion and it is not an abuse of discretion to deny leave on that basis alone.  *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 217-18 (4th Cir. 2019).  Here, plaintiffs have not moved to amend under Fed. R. Civ. Pro. 15; instead plaintiffs filed only a second Rule 23 motion for certification of class action while their first motion remains pending.  Plaintiffs should not be permitted to have a second bite at the apple, and their motion should be denied on that basis.

**II.   PLAINTIFFS' ALTERATIONS TO THE PROPOSED CLASS DEFINITION DO NOT RENDER THE CLASS CERTIFIABLE AND THE MOTION IS THEREFORE FUTILE.**

A motion to amend should be denied when "the amendment would be futile." *Id.* at 218 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).  A proposed amendment is futile when it contains "no material . . . that would have changed the analysis" underlying a prior rejection of the complaint.  *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).  Here, the new proposed class definition suffers from some of the same and other similar defects of the initial

definition and cannot meet the Fed. R. Civ. Pro. Rule 23 requirements. Therefore, the plaintiffs' current proposed amendment of the class definition, if not denied on procedural grounds, should be denied on the grounds that it is futile.

### A. The New Proposed Class Is Not "Readily Identifiable."

Plaintiffs seek to change their class definition to include "[a]ny current or future Medicare-Eligible retiree who had already vested at the time of the 2014 Budget and Reconciliation Act (effective October 1, 2014) to participate in a health benefit plan that included a prescription drug benefit subsidized by the State of Maryland during the individual's retirement." While eliminating the problems with respect to ascertainability related to the subclasses, the new definition does not eliminate the reliance on the word "vested." Defining the class based on whether a person had "already vested" begs the question at issue—it is a contested matter whether anyone can be said to have "vested in the State Employee and Retiree Health and Welfare Benefits Program." There is therefore no ready definition of "vested" with regard to benefit eligibility in retirement, as opposed to pension eligibility, to be used in defining the class. Nor does the statute setting forth the eligibility requirements for the retiree prescription drug benefit use the term "vested." Instead it sets forth categories of retirees who "may enroll and participate in the" prescription drug benefit. Md. Code Ann., State Pers. & Pens. §§ 2-508; 2-509 (governing participants in "optional retirement programs") (LexisNexis 2019).

Moreover, this new proposed class definition encompasses an indefinite subclass, and therefore is indefinite. The new proposed class definition includes "future" retirees, or, in other words, current employees. Current employees who entered into service on October 1, 2009, would have had five years of service by October 1, 2014. And all current employees who entered into service between October 1, 2003, and October 1, 2009, have less than sixteen years of state service. Whether those employees are eligible to enroll in prescription drug benefits depends on the individual employee's status *at retirement*— whether they retire directly from state service, and their age at retirement. Md. Code Ann., State Pers. & Pens. § 2-508(b)(2)(iv), (i). Therefore whether they are included in the class, at least under plaintiffs' apparent understanding of what "vested" means, ECF 44-1 at 7-10, is dependent on an event that has not yet happened: the employees' retirement. It is not possible for the State defendants to ascertain current employees' future retirement dates and the class is therefore not "readily identifiable." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014).

### B. The New Proposed Class Does Not Satisfy the Rule 23 Prerequisites.

The new proposed class definition also does not satisfy the Rule 23 prerequisites; specifically, it does not satisfy the commonality, typicality, and adequacy requirements. The new, generalized class definition encompasses putative class members with different sets of operative facts based on plaintiffs' articulation of their own claims. Plaintiffs are required to present a common question in such a manner that "determination of its truth or

falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  But as plaintiffs' motion again reiterates, their claims rest on whether the class has a vested right to participate in the prescription drug coverage benefit.  ECF 44-1 at 15-16.  As previously explained, this central question is not common to the proposed class as plaintiffs have chosen to define it.  This Court has previously identified two potential sources of vested contractual rights on which the plaintiffs might prevail in their claims: (1) the statutory language in § 2-509.1 as it read in 2004 (in other words, 2004 Md. Laws, ch. 296), *see* slip op. at 22-23; and (2) Maryland common law principles of contract, including an executory contract with fulfillment of conditions, *id.* at 23-24.  Depending on a variety of factors, different groups of retirees will have substantially different claims and arguments regarding the two potential sources of vested contractual rights.  Current retirees will have different arguments depending on whether they retired before or after 2004, when the legislature first mentioned the prescription drug benefit in statute.  Retirees will also have different claims depending on the status of the benefits offered at the time the individual alleges they were first entitled to the benefit.  And beyond these timing distinctions, different retirees will undoubtedly have their own unique facts tending to prove or disprove reliance or other equitable contracting theories, *see Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 462-63 (2013) (where a cause of action requires proof of reliance, class

certification will be "ordinarily preclude[d]" "because individual reliance issues would overwhelm questions common to the class).

As for typicality, plaintiffs still have failed to meet their burden that the claims—specifically reliance-based contract claims—are typical across the class. As discussed in the State defendants' previous opposition, only 0.6% of retirees had prescription drug costs of more than $10,000 per year out of pocket, yet *all* of the putative plaintiffs who have submitted affidavits claim that high level of expense. Moreover, adding a handful of such affidavits containing highly fact-specific reliance interests does not fulfill plaintiffs' burden of proving that such claims are typical across the class of up to 90,000 people, which include individuals with dates of entry ranging from the 1950s (ECF 36, paper Exhibit A, 585, 612) through (presumably, given plaintiffs' statements about the class definition) July 1, 2011.

And Mr. Fitch still suffers from the same structural conflicts identified in the State defendants' prior motion. Because Mr. Fitch has atypical claims—which are partially driven by the lack of commonality of the class as a whole, members of which will have different interests depending on when they were hired and retired relative to the different legislative enactments at issue—he cannot adequately represent the class, because what is good for Mr. Fitch may not be good for other parts of the extremely broad class. For example, current employees may be differently situated from those who have already retired, as may retirees who retired before the 2004 statute was enacted. Mr. Fitch might

be placed in a situation where his legal interests are not aligned in pushing claims which might benefit other, differently situated members of the class when his own claims are already vindicated (perhaps, for example, if he were successful in his equitable contracting claims).

### C. The New Class Definition Still Does Not Fulfill the Grounds for Certification Set Forth in Fed. R. Civ. P. 23(B).

Nothing about the new class definition changes the putative class's ability to qualify for certification under any provision of Fed. R. Civ. P. 23(B). As an initial matter, there is no risk of "inconsistent or varying adjudications" that would establish "incompatible standards of conduct for the party opposing the class" for the defendant, or a risk of individual adjudications that might "substantially impair or impede" another individual's claims. Fed. R. Civ. P. 23(b)(1)(A). The State already administers each retirees' benefits on an individual basis; there would be no reason why it could not implement any judgment from individual cases in a way that would not affect the rights of others. Moreover, the State has the responsibility to follow the law, and plaintiffs have identified no reason why the State would not uniformly apply the law as determined by a final declaratory judgment to all similarly situated individuals.

Nor does the new proposed class meet the requirements of Rule 23(b)(2) because their current complaint includes claims for damages. Even if that claim were eliminated, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360. But, as discussed

above, the class definition is so broad that it includes claims with different bases of validity. Because of problems with the class definition, a single injunction or declaration would not suffice; most likely, categories would need to be created within the injunction to describe dates of entry and retirement that fit the contours of any alleged vested right.  It is plaintiffs' burden to come forward with a class definition and theory of liability that is uniform in order to satisfy Rule 23(b)(2)'s requirements of uniform relief.  They have not done so. Moreover, it is simply unnecessary to certify a class for injunctive and declaratory relief—such relief would always be implemented in a way to benefit similarly situated non-plaintiff individuals.

As explained previously, plaintiff has defined the putative classes in such a manner that common issues do not exist, and therefore cannot predominate, within the proposed class.  Rule 23(b)(3)'s "predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) (internal quotation omitted).  It is therefore a "more stringent" version of Rule 23(a)'s commonality requirement.  *Id.*  Because the proposed class as defined lack cohesiveness and commonality, it cannot meet Rule 23(b)(3)'s predominance requirement.  And if damages are at issue, plaintiffs still have failed to "establish[] that damages are capable of measurement on a classwide basis," *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013), which is the standard they must meet to have a class certified under Rule 23(b)(3).

All of these issues preclude a finding of superiority, the last prong of a (b)(3) class. As previously explained, this case is in a posture where the State defendants have taken no action to implement the challenged policy. No harm is ongoing, and declaratory and injunctive relief, if warranted, are fully capable of addressing any statutory claim advanced by the plaintiffs. Plaintiffs have not explained how any other claim would be aided by any of the procedures available only through the class action mechanism. Instead, procedural complexity would ensue, including the necessity of substituting State defendants' counsel, who are each members of the class as proposed in the motion to amend.

## CONCLUSION

For the reasons articulated above, no class should be certified under Federal Rule of Civil Procedure 23.

                    Respectfully submitted,

                    BRIAN E. FROSH
                    Attorney General of Maryland

                    ___/s_____
                    SARAH W. RICE  (BAR NO. 29113)
                    ADAM D. SNYDER (BAR NO. 25723)
                    Assistant Attorneys General
                    Office of the Attorney General
                    200 Saint Paul Place, 20th Floor
                    Baltimore, Maryland 21202
                    srice@oag.state.md.us
                    (410) 576-7847
                    (410) 576-6955 (facsimile)

July 16, 2019                Attorneys for Defendants