IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KENNETH FITCH** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. **PJM 18-2817** |
| | * | |
| **STATE OF MARYLAND** *et al.*, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiffs have filed a Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating the Preliminary Injunction, ECF No. 119, and a Motion for Preliminary Injunction to Enjoin Diversion of Funds, ECF No. 126. Defendants[1] have filed a consolidated response in Opposition to both Motions, ECF No. 125, and Plaintiffs have replied, ECF No. 135. The Court held a status conference on the record on July 9, 2020, during which Parties presented brief argument on these pending motions. For the reasons that follow, the Court **DENIES** Plaintiffs' Motion for Order to Show Cause[2], ECF No. 119, and **DENIES** Plaintiffs' Motion for Preliminary Injunction, ECF No. 126.

This case revolves around prescription drug benefits provided to eligible retirees and their dependents through Maryland's State Employee and Retiree Health and Welfare Benefits Program ("Health Program"). The Court described the facts and procedural history of this case in detail in

---

[1] Plaintiffs added three new Defendants in their Amended Complaint, but the new Defendants had not yet been served at the time of the filing of the response. As such, the response was filed only on behalf of Defendants State of Maryland, Governor Larry Hogan, and Secretary David Brinkley. The three new Defendants have since been served.
[2] Plaintiffs state in their reply that the Court denied their Motion for Order to Show Cause at the July 9, 2020 status conference. The Court did not, stating that it will "write an opinion on the matter." Hr. Tr., 7/9/20,15:6-11.

its oral ruling on October 10, 2018 granting Plaintiffs' Motion for Preliminary Injunction, ECF No. 30, and on October 16, 2018, when it entered a preliminary injunction barring the enforcement of the provisions of Md. Code Ann., State Pers. & Pens. ("SPP") § 2-509.1(b). ECF No. 31. That law provided that the "State shall discontinue prescription drug benefits for Medicare-eligible retirees in fiscal year 2020," which would have begun on July 1, 2019. The Court's Order temporarily enjoined the State's effort to terminate State-sponsored prescription drug benefits coverage for retirees and their dependents.

In its 2019 session, the Maryland General Assembly enacted three new programs: (1) the Maryland State Retiree Prescription Drug Coverage, (2) the Maryland State Retiree Catastrophic Prescription Drug Assistance Program, and (3) the Maryland State Retiree Life-Sustaining Prescription Drug Assistance Program. SPP § 2-509.1. The Court held a status conference on September 4, 2019, ECF No. 81, during which it ordered Plaintiffs to amend their Complaint in the face of this legislation. ECF No. 82. On October 4, 2019, Plaintiffs filed a Motion to Expand the Scope of the Preliminary Injunction to cover active vested employees. ECF No. 83. The American Federation of State, County Municipal Employees Maryland Council 3 ("AFSCME") moved to intervene on November 1, 2019, and filed a Motion to Expand the Scope of the Preliminary Injunction as well. ECF Nos. 91 and 92. On December 10, 2019, the Court held a hearing on these motions and granted AFSCME's Motion to Intervene but denied its Motion to Expand the Scope of the Preliminary Injunction. ECF No. 105. The Court also denied Plaintiffs' Motion to Expand the Scope of the Preliminary Injunction and directed them to amend their Complaint a second time to include as named Plaintiffs active vested employees. *Id.* On June 23 and 24, 2020, the Court received both the instant Motion for Order to Show Cause, and a Motion for Leave to File a Third Amended Complaint, the latter being consented to by Defendants. ECF

Nos. 119 and 120. The Court granted Plaintiffs' Motion for Leave to File Amended Complaint, but deferred ruling on the Motion to Show Cause. ECF No. 123. Soon after, Plaintiffs filed the instant Motion for Preliminary Injunction, ECF No. 126.

Plaintiffs' Motion for Order to Show Cause and Motion for Preliminary Injunction ask for relief based on the same ground—they believe Defendants are improperly diverting funds from the Postretirement Benefits Trust Fund ("Trust Fund"), which they submit funds the Health Program through which retirees and their dependents collect prescription drug benefits. They argue that this alleged diversion violates the Court's Preliminary Injunction Order because, by diverting funds away from the Trust Fund, the Trust Fund will become bankrupt and thus no longer able to fund prescription drug benefits for retirees and their dependents. Plaintiffs also ask for a preliminary injunction to enjoin this alleged diversion of funds.

Defendants argue that Plaintiffs misunderstand the funding mechanism for the prescription drug benefits because the State Employees and Retirees Health and Welfare Benefits Fund ("Benefits Fund") is the operating fund through which retiree prescription drug benefits have always been and are currently being funded. They state that the Benefits Fund is the only fund from which the State draws funds to cover the cost of the program and that it is funded on a pay-as-you-go basis by the General Assembly. In fact, they submit the Trust Fund is merely the *investment* vehicle to "assist the State in financing the postretirement health insurance subsidy paid by the State." Department of Legislative Services, Fiscal and Policy Note (Revised) for HB 72 (2011), http://mgaleg.maryland.gov/2011rs/fnotes/bil_0002/ hb0072.pdf. In support of these arguments, Defendants attach an affidavit from the Deputy Secretary of the Maryland Department of Budget and Management, attesting that prescription drug benefits are funded on a pay-as-you-go basis from the Benefits Fund (which itself is periodically funded from the annual state budget

throughout the fiscal year), that the Trust Fund has not been funded by the State since fiscal year 2008, and that the Trust Fund has never helped pay for prescription drug benefits for certain retirees and their dependents. ECF No. 125-1.

I. **PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY DEFENDANTS SHOW NOT BE HELD IN CONTEMPT**

A finding of contempt requires that the moving party "establish each of the following elements by clear and convincing evidence: (1) The existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was [rendered] in the movant's 'favor'; (3) that the alleged contemnor by [his] conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result." *Schwartz v. Rent-A-Wreck of America*, 261 F. Supp. 3d 607, 612 (D. Md. 2017) (citing *Ashraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)); *United v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017).

The Court rejects the argument that Defendants' actions as alleged by Plaintiffs violate its Preliminary Injunction Order. The Court enjoined Defendants from enforcing the provisions of SPP 2-509.1(b), which required the State to discontinue prescription drug benefits for certain retirees and retirees' dependents by a certain date. Essentially, the Court directed the State to continue providing these prescription drug benefits for certain retirees and their dependents. The Court did not and would not have specified the manner or source of funding for the benefits. Further, Plaintiffs have not alleged that eligible retirees and their depends have not been able to enroll in or receive benefits. In fact, Plaintiffs concede that they are not alleging eligible retirees and their dependents have not received benefits. Hr. Tr., 7/9/20, 9:6-8. Instead they assert, without any citation to law or facts, that the Health Program will "not exist much longer if the Defendants continue diverting money" from the Trust Fund and that it stands "to reason that continuing this

Program during this litigation also requires maintaining its funding." But the State has represented that the Benefits Fund, which actually funds the benefits at issue in this case, is fully funded for the upcoming budget year and that the General Assembly is aware of the Court's Preliminary Injunction Order and has "made sure and maintained the benefit." *Id.* at 6:1-10, 12:6-9.

Accordingly, Plaintiffs have not shown, by clear and convincing evidence, that Defendants have violated the Preliminary Injunction Order or that Plaintiffs have suffered harm. Accordingly, the Court **DENIES** Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt For Violating the Preliminary Injunction, ECF No. 119.

## II.   PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN THE DIVERSION OF FUNDS

To receive preliminary relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

To establish Article III standing, a plaintiff must demonstrate: (1) that he or she suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent; (2) that there is a causal connection between the injury and the conduct complained of, and; (3) that the injury would likely be redressed by the requested judicial relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). The "threatened injury must be certainly impending to constitute injury in fact" because allegations of "possible future injury do not satisfy the requirements of Art. III." *Whitmore v. Ark.*, 495 U.S. 149, 158 (1990).

First and foremost, Plaintiffs have not demonstrated that they have standing to challenge the General Assembly's actions vis-à-vis the Trust Fund, even assuming they have a contractual right to prescription drug benefits provided under the Health Program. Even after Defendants

argued Plaintiffs' lack of standing to challenge the diversion, citing the Supreme Court's recent decision in *Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1618 (2020), Plaintiffs did not address this issue. Instead, the best argument Plaintiffs could muster was that the Trust Fund "assures the solvency" of the benefits, which ignores the fact that the General Assembly can and does appropriate funds to the Benefits Fund, which is projected to receive and expend $1.6 billion in fiscal year 2021 (the alleged diversion is $25 million). Department of Budget & Management, FY 2021 Maryland State Budget Highlights, Appendix O, https://dbm.maryland.gov/budget/Documents/operbudget/2021/proposed/FY2021MarylandState BudgetHighlights.pdf. Plaintiffs also attempt to distinguish *Thole*, stating that that case involved alleged mismanagement of retirement payments by participants who were legally and contractually entitled to them, whereas here the issue is whether a contract exists between the State and State employees to provide a health benefit. Plaintiffs also assert that they possess a property interest in the Trust Fund, which the State is contractually obligated to fund. These assertions have no link with reality given that the Trust Fund does not appear to fund the benefits at issue in this case.

The central issue is whether the State has a contractual obligation to fund the prescription drug benefits of certain retirees and their dependents. Assuming *arguendo* that there is such a contractual right, Plaintiffs have not shown that they are likely to demonstrate an injury in fact, again because the Trust Fund does not fund these benefits. For the same reason, there is no basis for the assertion that the State caused a "substantial impairment of contract" by "extinguishing the funds statutorily mandated to bear its cost."[3]

---

[3] Plaintiffs also argue that Senate Bill 192 passed both houses of the Maryland Legislature in violation of the Maryland Open Meetings Act. Defendants point out that the meeting was livestreamed due to the COVID-19 pandemic. Even if livestreaming the session violated the Open Meetings Act, the remedy for such a violation is limited to a complaint in Maryland state circuit court. Md. Code Ann., Gen. Prov. § 3-401. Further, a complaint challenging "appropriating public funds" is expressly excluded from that Act. *Id.*

The Court finds Defendants' analogy to *Thole* persuasive. Plaintiffs there, participants in a defined-benefit plan, filed suit alleging mismanagement of the plan. The Supreme Court held that Plaintiffs lacked Article III standing because they "have received all of their monthly benefit payments so far, and the outcome of this suit would not affect their future benefit payments." *Thole*, 140 S. Ct. at 1619. Similarly Plaintiffs here concede they have received the prescription drug benefits they say they are entitled to, and the State will be obliged to continue to fund these benefits if the Court ultimately finds Plaintiffs have a contractual right to them, regardless of the source of funding. As such, it is not clear that granting Plaintiffs' Motion for Preliminary Injunction, or ultimately ruling in Plaintiffs' favor on the merits on the diversion of funds from the Trust Fund would impact the receipt of these benefits.[4]

In sum, Plaintiffs have not demonstrated that they are likely to succeed on the merits or that they are likely to suffer irreparable harm in the absence of a grant of preliminary relief. Nor have they shown that the balance of equities tips in their favor, or that an injunction is in the public interest. "Federalism concerns are heightened when . . . a federal court decree has the effect of dictating state or local budget priorities," as a preliminary injunction with respect to the diversion of funds would have in this case. *Horne v. Flores*, 557 U.S. 433, 448 (2009).

Plaintiffs' Motion for a Preliminary Injunction to Enjoin the Diversion of Funds is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating the Preliminary Injunction, ECF

---

[4] To the extent Plaintiffs challenge Senate Bill 192 as beneficiaries of the Trust Fund, Defendants point out that there are no beneficiaries of the Trust Fund because it does not pay out benefits and merely serves as an investment vehicle.

No. 119, and Plaintiffs' Motion for Preliminary Injunction to Enjoin Diversion of Funds, ECF No. 126.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**August 25, 2020**