## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KENNETH FITCH, *et al.*,                            *

                 *Plaintiffs*,          *

                   v.                     *     No. 1:18-cv-02817-PJM

STATE OF MARYLAND, *et al.*,                        *

                *Defendants*.           *

                             *

     *     *     *     *     *     *     *     *     *     *     *     *

## JOINT SUBMISSION IN RESPONSE TO COURT'S
## DECEMBER 30, 2021 ORDER

All parties represented by counsel in this matter join in submitting this response to the Court's December 30, 2021 Order directing the parties to consult among themselves and inform the Court of their views on various aspects of how the case should move forward in light of the Court's Order.  ECF 149.  The topics on which the Court requested the parties' input, and the parties' responses, are set forth below, in the order in which they appear in the Court's Order.

> "Counsel shall immediately consult with one another and advise the Court in writing within 30 days[1] as to how the case should proceed from this point, e.g., with discovery, evidentiary' hearing, supplemental motions, or the like."

As discussed in greater detail below, two groups of parties—the State defendants and AFSCME—intend to pursue an immediate interlocutory appeal of the Court's December 30, 2021 Order.  The parties to this submission request that proceedings before

---

[1] By order dated January 26, 2022, the Court extended the deadline for responding to February 15, 2022.  ECF 155.

this Court be stayed pending the decision of the United States Court of Appeals for the Fourth Circuit to hear that appeal and, if so, resolving that appeal.  The represented parties propose that, within thirty (30) days of either appellate decision, they file a joint written submission informing this Court as to how the case should proceed from that point (*e.g.*, with respect to discovery, evidentiary hearing, supplemental motions), if appropriate.

> "Counsel for the parties shall immediately consult with one another with regard to how to handle the Preliminary Injunction, e.g., Should it remain in effect for a certain period of time before it is dissolved? Or should it be immediately dissolved pending the filing of a motion to stay? A joint written submission to the Court with respect to the Preliminary Injunction shall be made within 30 days, during which time the Preliminary Injunction will remain in effect and the Court's present Order will be stayed."

The represented plaintiffs and AFSCME request that the preliminary injunction, in its current form, remain in effect while the State and AFSCME pursue immediate interlocutory appeals.  The State defendants do not object to that request.  Assuming that the preliminary injunction remains in effect during the parties' pursuit of interlocutory appeals, the represented parties propose that they file a joint written submission to this Court, within thirty (30) days of an appellate decision either declining to hear the appeal or resolving it, regarding disposition of the preliminary injunction.

> "Within the same 30 days, the Fitch Plaintiffs, AFCSME, and any Defendants may file a motion to stay enforcement, for a reasonable period of time, of the Order issued in conjunction with the Memorandum Opinion, to allow the parties time to transition their prescription current drug benefit program to an appropriate alternative and/or to consider an interlocutory appeal. Within 30 days thereafter, the parties may file oppositions to any motion to stay and, within 15 days after that, parties may file replies."

The State defendants and AFSCME are of the opinion that an immediate interlocutory appeal of the Court's December 30, 2021 Order best serves the interests of

justice and all involved.  The State defendants do not object to the preliminary injunction remaining in place during the appellate process.  Accordingly, the parties jointly ask that the Court revise its December 30, 2021 Order so as to continue the preliminary injunction pending appellate proceedings and to certify the order for appeal by including the findings called for in 28 U.S.C. § 1292(b).  Specifically, the parties posit that, and request a statement that, the Court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Of course, "[t]he decision to certify an interlocutory appeal is firmly in the district court's discretion." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015). The represented parties believe that discretion favors certification given the relatively novel issues of law presented, the many individuals affected by the application of the law to their prescription drug benefits, and the costs and liabilities implicated.  Those issues of law are, principally, whether State law (§§ 2-508 and 2-509.1 of the State Personnel & Pensions Article) created an enforceable contract and, if so, whether the contract is in the nature of a unilateral contract.[2]  The answer to those questions would likely advance the litigation materially and consistent with judicial economy.[3]

---

[2] The represented parties are prepared to brief the issue of certification if directed by the Court.  If the Court directs such briefing, the parties request that the Court continue to stay the effect of its December 30, 2021 Order for a reasonable period to allow for that briefing and the Court's subsequent ruling.

[3] The State and AFSCME stand ready to file applications in support of their appeals. *See* 28 U.S.C. § 1292(b) ("The Court of Appeals which would have jurisdiction of an

In addition to the jointly requested certification under 28 U.S.C. § 1292(b), AFSCME requests that the Court direct the entry of final judgement as to its claims such that those claims are immediately appealable. AFSCME makes its request pursuant to FRCP 54(b). The other represented parties do not object to the request. AFSCME makes its request as the Court's December 30, 2021 decision finally resolved the rights and liabilities of AFSCME and left it nothing to do but await the remaining portions of the litigation. As to AFSCME and its claims, there is no just reason for delay in an appeal and the Court is urged to issue an order confirming as much. This Court's decision that §§ 2-508 and 2-509.1 of the State Personnel & Pensions Article operate as a unilateral contract, which did not and does not vest active employees with any benefit except upon retirement, is rightfully resolved on appeal before disposition at trial on other claims as a matter of equity and judicial economy. That is so because if the Court proceeded to hear and resolve the claims of retired employees and, later, the appellate court determined that the claims of active employees should also have been heard and resolved, the merits proceedings may well have to begin anew or in substantial part. That would run contrary to judicial economy and would work to unduly delay a complete and final resolution of this litigation. A Rule 54(b) determination and entry of final judgment is warranted.

As set forth above, the parties ask that the Court include within that revised order a stay of the proceedings in this Court pending the outcome of the interlocutory appeal. The

---

appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.").

represented parties make this request in lieu of filing motions to stay enforcement for the purpose of considering an interlocutory appeal.

All counsel have authorized the undersigned to represent that their clients join in submitting this response to the Court's December 30, 2021 Order.[4]

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

_____/s/_____
ADAM D. SNYDER (Bar No. 25723)
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
asnyder@oag.state.md.us
(410) 576-6398
(410) 576-6955 (facsimile)

February 14, 2022                    Attorneys for Defendants

---

[4] One of the plaintiffs identified in the Third Amended Complaint (ECF 123), Michael Bridgett, has filed an interlocutory appeal of the Court's December 30, 2021 Order, appearing pro se (ECF 150), and it is counsel's understanding that two other plaintiffs—Deborah Monroe and Deborah Garlitz—will be proceeding similarly.  The representation that undersigned counsel makes about the parties' joining in this motion does not encompass any plaintiff who is no longer be represented by counsel in this matter.

**CERTIFICATE OF SERVICE**

I certify that, on this 14th day of February, 2022, the foregoing was served by CM/ECF on all registered CMF users and by first class mail on those parties who have indicated that they are currently proceeding pro se.

                                                     /s/_____

                                                     Adam D. Snyder