**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KENNETH FITCH**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Case No.: **1:18-cv-02817-JKB** |
| | * | |
| **STATE OF MARYLAND**, *et al.*, | * | |
| Defendant, | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL OF THE COURT'S DECEMBER 30, 2021 MEMORANDUM OPINION

The Fitch Plaintiffs on behalf of themselves and those similarly situated, by and through counsel, respond in opposition to Defendants Motion to Certify Interlocutory Appeal of the Court's December 30, 2021 Memorandum Opinion. For the reasons outlined herein the Court should deny Defendants' Motion.

## **INTRODUCTION**

Unsuccessful on its third Motion to Dismiss, the Defendants attempt to further delay the ultimate resolution of this case by seeking certification for interlocutory appeal pursuant to 28 USC §1292(b). The Defendants Motion fails to meet all the necessary requirements for proper certification under §1292. First, although the Court's December 30, 2021, Order does involve questions of law, those questions are not narrow questions of pure law that can be reviewed by the Appellate Court without substantial investigation. Second if the proposed certification questions (there appears to be more than one) were narrow questions of pure law, there is no substantial ground for differences of opinion on those questions since the Court simply applied well settled

law (the laws of statutory interpretation and contract formation) to the particular facts of this case. Finally, an interlocutory appeal of the Court's order would not materially advance litigation instead it would prolong this case since the Court's December 30th Memorandum and Order has eliminated the need for trial, eliminated complex issues; and eliminated issues that would make discovery easier and less costly. Granting the Motion to Certify Interlocutory Appeal would be duplicative, costly and lengthen this litigation.

## STANDARD FOR CERTIFICATION

Interlocutory appeals, governed by 28 U.S.C. § 1292, are an exception to the grant of jurisdiction to appellate courts to hear appeals only from "final decisions" of district courts. Johnson v. Jones, 515 U.S. 304, 309 (1995); see Lynn v. Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612, 626 (D. Md. 2013). Pursuant to 28 U.S.C. § 1292(b), a district court may

> "certify an otherwise non-appealable interlocutory order for immediate
> appellate review if two criteria are satisfied. First, the court must certify that
> the interlocutory order involves a "controlling question of law as to which
> there is substantial ground for difference of opinion." Second, the court must
> also certify that "an immediate appeal from the order may materially advance
> the ultimate termination of the litigation."

Keena v. Groupon, Inc., 886 F.3d 360, 362-63 (4th Cir. 2018) (quoting 28 U.S.C. § 1292(b)).

The party moving for certification of an interlocutory order "bears the burden of proving that the prospective appeal satisfies each of the statutory prerequisites for certification." Boyd v. Coventry Health Care Inc., 828 F. Supp. 2d 809, 820 (2011). "Failing to meet even one of the statutory requirements will defeat a litigant's request for an interlocutory appeal." District of Columbia v. Trump, 344 F. Supp. 3d 828, 833 (D. Md. 2018); Butler v. DirectSAT USA, LLC, 307 F.R.D. 445, 452 (D. Md. 2015) ("Unless all of the statutory criteria are satisfied... `the district court may not and should not certify its order...under section 1292(b).'"). Accordingly, certification under § 1292(b) is granted "sparingly" and the statute's requirements must be "strictly construed."

United States *ex rel*. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340 (4th Cir. 2017) (quoting Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989)); see James v. Jacobson, 6 F.3d 233, 237 (4th Cir. 1993).

The first element, a controlling question of law, is defined by the Fourth Circuit as a "pure question of law," that is, "an abstract legal issue that the court of appeals can decide quickly and cleanly." Agape Senior Cmty., Inc., 848 F.3d at 340 (quoting Mamani v. Berzain, 825 F.3d 1304, 1312 (11th Cir. 2016)).

In the second element of §1292(b), courts find substantial grounds for difference of opinion "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). However, the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient." Lynn v. Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612, 624 (D. Md. 2013) (quoting In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)).

"The threshold for establishing the substantial ground for difference of opinion' with respect to a `controlling question of law' required for certification pursuant to § 1292(b) is a high one." Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 233 F. Supp. 2d 16, 19-20 (D.D.C. 2002). For interlocutory appeals, `it matters not whether the lower court simply got the law wrong,' but `whether courts themselves disagree as to what the law is.'" Eckstrom, 2012 WL 119000 at *3.

Finally, "`a district court should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" Goodman v. Archbishop Curley High School, Inc., 195 F. Supp. 3d 767, 773 (D. Md. 2016) (quoting Coal. For Equity & Excellence In Maryland Higher

Educ. v. Maryland Higher Educ. Comm'n, No. CCB-06-2773, 2015 WL 4040425, at *6 (D. Md. June 29, 2015)).

## I.        Certification Questions

Generally, certification for an interlocutory appeal is only appropriate for cases where there is a narrow question of pure law whose resolution will be completely dispositive of the litigation, not just where "early review of difficult rulings in hard cases" would be convenient. Lynn v. Monarch Recovery Management, Inc., 953 F. Supp. 2d 612, 623 (D. Md. 2013). The Defendants proposed question can be found in the first paragraph under "Argument" in the Motion to Certify Interlocutory Appeal however the Defendants also advanced various iterations of that question. Not addressing these subtle changes could leave the Court with the mistaken impression that the Fitch Plaintiffs waive any objection to their use, which is not true.  If the party seeking certification fails to establish just one of the §1292 three requirements on any of the proposed controlling questions of law then the Motion for Certification should be denied. See Butler, 307 F.R.D. at 451. The Plaintiffs contend that every question presented does not satisfy all three requirements under §1292 to satisfy certification of this Motion.

In the Defendants filing, they are four proposed questions.  Although the Defendants contend that Question A is the proposed question they seek for certification, all the questions (in their various forms) are listed below:

**The first question (Question 1) is:**

"Whether the Maryland General Assembly, by directing the Department of Budget & Management to "continue to include a prescription drug benefit plan in the health insurance benefit options… available to retirees under §§ 2-508 and 2-509 of this subtitle," clearly and unequivocally expressed its intent to contractually bind the State to providing such a plan, in perpetuity, to those employees who retired prior to the announced January 1, 2019, date for termination of plan." ECF 167. Page 4.

**The second question (Question 2) is**:

> The Court should certify an Appeal of the Central Issue: Whether a Contractual Obligation Binds the State to Continue Providing Retiree Prescription Drug Benefits to Medicare-Eligible Retirees. ECF 167. Page 5.

**The third question (Question 3) is:**

> Whether the legislature's direction to the Department of Budget & Management to continue providing prescription drug benefits despite the Enactment of Medicare Part D constitutes a unilateral contractual commitment, "is a controlling question of law" for purposes of §1292(b). ECF 167. Page 6

**The fourth question (Question 4) is**

> Whether government employee benefits programs create contractual commitments in the same way that pension programs do. ECF 167. Page 9.

None of the proposed certification questions can be decided quickly and cleanly without substantial investigation into the record by the appellate court or be dispositive to the case at bar. Some are legal question but are not "pure questions of law" which states an abstract legal issue that the appellate court can decide quickly and cleanly. It is clear that with the filing of this Motion the Defendants desire a fourth bite of the apple and these subtle and/or outright deviations from Question A is an attempt to do so.  Plaintiffs' arguments are incorporated for each successive question to alleviate the need for repetition.

II.     **Question 1**

    A. **The Question of whether the General Assembly expressed its intent to contractually bind the State to continue providing to State Retirees who retired prior to January 1, 2019, a prescription drug benefit plan in the health insurance benefit options pursuant to §§2-508 and 2-509, in perpetuity, is not a controlling issue of law in this Order case because those are not Plaintiffs' allegations**

Plaintiffs assert that the wording of Question A is a blatant misstatement about the central issue in this this case and this Court's Order. Nowhere in the Court's Interlocutory Order or the Plaintiffs' Complaint were the words "in perpetuity" used, inferred or implied to these specific Plaintiffs ("Fitch Plaintiffs").

Black's Law Dictionary defines "in perpetuity" as that a thing is forever or for all time; meaning longer than the life or life in being. (11th Ed. 2019). This term in the context of contracts refer to clauses that survive termination of the contract. Under Maryland law, "a contract may not exist in perpetuity in the absence of an express provision" which cannot be found here. See Boland v. Boland, 31 A.3d 529, 573 (Md. 2011). Taken in context with the December 30th Order that term cannot apply to these specific Plaintiffs whose access to the State subsidy will cease upon the passing of the affected retiree and/or their spouse or dependent. That is finite. Inclusion of that term changes the nature of this litigation from its specific factors to possible future claims not argued in the Fitch Plaintiffs' Complaint.

   B. **The Proposed Question (Question 1)Purported to be a Controlling Question of Law cannot Assert Substantial Grounds for Difference of Opinion**.

Plaintiffs assert that the specific Plaintiffs who would benefit from the December 30th Order are a closed group which cannot be reopened. In other words, the program has been eliminated as of January 1, 2019. If the program is reopened or a new program is substituted, it would only affect the Fitch Plaintiffs and all those similarly situated. No other State employee or retiree would benefit from this Court's December 30th order. More importantly, the December 30, 2021 Memorandum and Order is only applicable to any litigation where a State or municipality breached a unilateral contract retroactively. That the contract and its terms were presented by Statute is important. That the contract included a health benefit that included prescription drug coverage is relevant, but incidental. This is missing from the body of cases provided in the

Defendants' motion. As a result, the Defendants have not asserted any substantial grounds for difference of opinion to meet this §1292(b) requirement.

### C. The Question whether the General Assembly contractually bound the State to provide the State Subsidy "in Perpetuity" cannot be dispositive in this case because those are not the Plaintiffs' Allegations.

"Even where the question presented is a legal one, if resolution of that issue is rooted in the facts of a particular case, the question is not proper for interlocutory review." Randolph v. ADT Sec. Servs., Inc., 2012 WL 273722, at *5 (D. Md. Jan. 30, 2012). The proposed certification question is not applicable to Fitch Plaintiffs; it is predicated on a mischaracterization of Plaintiffs' allegations. They are not seeking this benefit "in perpetuity" on behalf of themselves or any current or future employee.  They are seeking fulfillment of the contractual terms as outlined by statutes. Therefore, the Defendants question cannot be dispositive of this issue if this motion is certified and an appeal is filed. The Defendants present the antithesis of the "kind of question best adapted to discretionary interlocutory review [which] is a narrow question of pure law whose resolution will be completely dispositive of the litigation. Fannin v. CSX Transp., Inc., 873 F. 2d 1438 (4th Cir. 1989). For these reasons the Defendants do not satisfy all three requirements for §1292(b) certification on Question 1 and the motion should be denied.

### III.   Question 2.

### A. The Question whether a Contractual Obligation Binds the State to Continue Providing Retiree Prescription Drug Benefits to Medicare-Eligible Retirees is not a Controlling Legal Question in the December 30, 2021 Order.

The party seeking an interlocutory appeal must first demonstrate that the issue for which the party seeks certification constitutes a "controlling question of law." § 1292(b).   Again the Defendants mischaracterize the Plaintiffs allegations and presents a question that is rhetorical and rife with redundancy. First, if the State of Maryland has a contractual obligation to provide retiree

Prescription Drug Benefits to Medicare-Eligible Retirees then they are duty bound to fulfill the terms of that contract. See Perry v. United States, 294 US 330, 352-353 (1935)("Punctilious fulfillment of contractual obligations is essential to the maintenance of the credit of public as well as private debtors".... (Government is) "without power to reduce expenditures by abrogating contractual obligations…" "[t]o abrogate contracts, in the attempt to lessen government expenditure would be not the practice of economy, but an act of repudiation."). So, Question 2 seeks an advisory opinion from the Court of Appeals on whether the State can break their contract with these specific State Retirees. Though abstract, it is not the controlling legal issue of the Court's December 30th Order. It would also put the Court of Appeals in a position to which they are unaccustomed and ill-suited especially under a §1292(b) motion.

Secondly, the proposed question will need the appellate court to delve into the record of this case to make a determination about the relevant facts. When a question of law is wrought with the necessity for factual assessment, those questions are not controlling questions appropriate for interlocutory review under §1292(b). Fannin, 873 F.2d 1438(1985). The question proposed is a legal question, but not the controlling legal question of this Courts December 30th order that necessitates certification.

### B. The Question whether a Contractual Obligation Binds the State to Continue Providing Retiree Prescription Drug Benefits to Medicare-Eligible Retirees fails to meet the Exceptional Circumstances factor needed to avoid protracted and expensive litigation.

"…Even if the requirements of [S]ection 1292(b) are satisfied, the district court has `unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." Manion v. Spectrum Healthcare Res., 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) This proposed question for certification (Question 2) operates on the presumption that a contractual obligation *does* exist. If the existence of a contract is not in doubt, then the Parties are in agreement,

thereby making a Motion for Certification of Interlocutory Appeal moot. As a result, Defendants would not be able to demonstrate that "exceptional circumstances" exist that would "…justify a departure from the basic policy of postponing appellate review until the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). For these reasons Defendants do not satisfy all three requirements under §1292 on Question 2 and the motion should be denied.

## IV.   Question 3.

### A.   The question of whether the legislature's direction to the Department of Budget & Management to continue providing prescription drug benefits despite the enactment of Medicare Part D constitutes a unilateral contractual commitment is not a controlling question of law for purposes of 1292(b).

 "[A] question is not a controlling question of law where the appellate court is asked to consider "whether the district court properly applied settled law to the facts or evidence of a particular case." Intern. Refugee Assistance Project v. Trump, 404 F. Supp 3d 946 (2019) quoting McFarlin v. Conseco Servs., LLC 381 F.3d 1251,1259 (11th Cir. 2004).  Question 2 & 3 fail for this reason.

The Plaintiffs claims have been rooted in contractual or quasi-contractual common law principals.  It was established early on in this litigation, that the issue in this case was whether a contract exists; any other issues are a derivative thereof. The December 30, 2021, Order shows that the Court properly applied the law of  statutory interpretation and contract formation to the facts of this case.  Certifying this Motion under this proposed question will require the appellate court to do the same thing.  Direct appeal is `most appropriate' where the court of appeals is `called upon to resolve a question of law not heavily dependent on the particular facts of a case[.]'") (quoting Weber v. United States Tr., 484 F.3d 154, 158 (2d Cir. 2007)).

The December 30th Order found that a contract exists between the State and these specific retirees by reviewing the statutory text and applying the principles of contract formation to the

facts of this case. The fact that this obligation involved State retirees, a health plan with prescription drug coverage, and their retirement status are all facts that are incidental to prove the existence of a contract, not the nucleus of its focus – the breach/anticipatory breach of that contract was. Any decision by the Fourth Circuit to this question cannot be dispositive to this case without the Defendants including the facts, that although uniquely singular to case at bar, also makes this motion unsuitable for appellate review.

Certification "is not intended as a vehicle to provide early review of difficult rulings in hard cases. Nor is it appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." City of Charleston, 586 F. Supp. 2d at 548 (quoting Abortion Rights Mobilization, Inc. v. Regan, 552 F. Supp. 364, 366 (S.D.N.Y. 1982). For these reasons, the Defendants do not satisfy all the requirements for §1292(b) certification and the Court should deny the motion.

V.    **Question 4.**

A. **The Question whether government employee benefits programs create contractual commitments in the same way that pension programs do is not a controlling issue of law in the Court's December 30, 2021, Order.**

The proposed question again mischaracterizes the controlling question of law in the Court's order. The central issue of this case is whether the Statutes in question created a contract whose terms were binding on the Defendants. This Court's December 30, 2021, Order found that, "…the General Assembly created a unilateral contract that became binding upon fulfillment by retirees of specific condition" and then proceeded to outline those conditions. ECF 148 page 9. Though abstract, the question is disingenuous. Fitch Plaintiffs do not seek contractual commitments by the State where a contract does not exist as in the case of active employees or employees who retired after the elimination of the state subsidy on January 1, 2019. The Fitch Plaintiffs sought

relief from the retroactive elimination of their benefit by asserting a breach/anticipatory breach of contract claim. To assert that restoration of their right to access is comparable to finding a contractual right exists for all Maryland employees to access the state subsidy or for all these same employees to have a contractual right in this subsidy is a misstatement of the Plaintiffs' allegations. If the Court of Appeals finds for the Defendants on this issue it would not be dispositive of this case and litigation would still proceed.

### B. The Proposed Question (Question 2) Purported to be a Controlling Question of Law cannot Assert Substantial Grounds for Difference of Opinion.

To reinforce its argument regarding government pension and benefit plans the Defendants uses <u>Pierce v. Security Trust Life Ins., Co</u>. under the Employment Retirement Income Security Act (ERISA) to argue on the "relative mutability of benefit and pension plans" as well developed case law. ECF 167, page 9.   Title I of ERISA specifically removes from its coverage any employee benefit plan that qualifies as a government plan. 29 U.S.C. § 1003(b).   Therefore, this case is not applicable in the context of the Defendants contention and proposed certification question to determine if the General Assembly intended to bind the State contractually to these specific State retirees.

### VI.   Substantial Difference of Opinion.

### A.   Even if this was a Controlling Question of Law, No Substantial Grounds Exists for Differences of Opinion on these Questions.

In Estate of Alverez v. Johns Hopkins University addressed the substantial grounds factor of §1292(b).

> If "controlling law is unclear," there may be substantial grounds for difference of opinion for purposes of § 1292(b). <u>Couch v. Telescope Inc</u>., 611 F.3d 629,633 (9th Cir. 2010). Therefore, courts find substantial grounds "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are

presented." Id. However, the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). Lack of unanimity among courts, North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D.N.C. 1995), and a lack of relevant authority, Union County v. Piper Jaffray & Co., Inc., 525 F.3d 643, 647 (8th Cir. 2008), do not suffice. Similarly, a party's disagreement with the decision of the district court, no matter how strong, does not create substantial grounds. Couch, 611 F.3d at 633.

Estate of Arturo Giron Alvarez v. The Johns Hopkins University, TDC-15-0950 (D. Md. April 23, 2019).

First, there are no complicated question that arise under foreign law.

Second, "[a] substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits." APCC Servs., 297 F.Supp.2d at 97. It is not necessarily enough, however, that there are conflicting decisions in other circuits. Instead, a court "must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute." Id. at 98. The Defendants rely on the decision in National R. R. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co. [1] to argue that "relatively few cases evaluate the status of government and welfare benefit programs under its clear statement rule and that "dearth of precedent" alone could satisfy the substantial difference on the controlling question of law requirement. This contradicts Defendants' 3rd Motion to Dismiss that states, "many post-Atchison decisions support the conclusion that retiree health benefits and retiree prescription drug benefits are welfare benefits that do not create vested contractual rights". ECF 140. Page 29. There appeared plenty of cases submitted by the Defendants in their efforts to sway the Court to dismiss

---

[1] National R. R. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co., 470 U.S. 451 (1985

the Plaintiffs' Complaint, now there is a "dearth of precedent" to achieve appellate review. [2]  The Court considered the Atchison argument and found that, "[w]hile the Court is mindful of the caution against construing statutes as contractual obligation, see e.g., Atchison that caution yields when an undeniable right is bestowed upon State employees." ECF 148, page 13. (*citations omitted*).  Still, whether there are a lot of cases or a little, the Defendants failed to identify a single case that disagreed with the Court's application of Atchison.

The Defendants have failed to demonstrate substantial grounds for a difference of opinion. Aside from the ERISA case which is not applicable here, the State argues that jurisdictions that have reviewed post-retirement benefits have ruled in favor of those retirees but because Maryland does not have the same protections in place, the Fitch Plaintiffs and all those similarly situated should not be successful.  The Defendants cited Schwegel v. Milwaukee County [3]  to show that the Maryland statutes at issue here by contrast do not provide that retiree prescription drug benefits are "a contract" or can be "vested". ECF 167, Page 10.  It is telling that SPP §2-508(c)(2)[4] contradicts that statement.  This statute states that when Plaintiffs worked over 5 years of creditable service they would receive a state subsidy for health and welfare benefits, including prescription drug coverage.  It is noticeable that this State subsidy that includes prescription drug coverage has a separate requirement or vesting criterion from the pension benefits making the terms of Schwegal applicable to this case.

---

[2] The Defendants cited for example, Davis v. Wilson County, 70 S.W.3d724, 728 (Tenn. 2002); Sacramento County Retired Employees Ass'n v. County of Scramento, 975 F. Supp. 2d 1150 (E.D. Cal 2013) and Lake v. State Health Plan for Teachers & State Employees, 825 S.E.2d 645, 652 (N.C. Ct. App) review dismissed, 825 S.E. 2d 254 (N.C. 2019 and appeal dismissed, review allowed, 837 S.E. 2d 887 (2020).

[3] 360 Wis. 2d 654 (2015)

[4] 2-508(c)(2010)

 **(c) State subsidy entitlement**. - (1) If a retiree receives a State disability retirement allowance or has 16 or more years of creditable service, the retiree or the retiree's surviving spouse or dependent child is entitled to the same State subsidy allowed a State employee. (2) In all other cases, if a retiree has at least 5 years of creditable service, the retiree or the retiree's surviving spouse or dependent child is entitled to 1/16 of the State subsidy allowed a State employee for each year of the retiree's creditable service up to 16 years. *(emphasis added).*

The Defendants also cite <u>State ex rel. City of Wheeling Retirees Ass'n v. City of Wheeling</u> [5] outlining how a West Virginia statute guarantees acceptance of retirees at the same cost for the same coverage as regular employees of similar age groupings and since Maryland provides no similar statutory guarantee to its retirees, it cannot contractually assure post-employment benefits. It is telling that COMAR 17.04.13.05A and C [6] indicates that the Fitch Plaintiffs have a contractual right to a prescription drug plan that has the same co pays, coinsurance and deductible to the prescription drug coverage that applies to the active State employee.  Therefore, just reviewing the

---

[5] 185 W. Va. 380, 384 (1991)

[6] COMAR 17.04.13.05

A. A retired employee who began State service on or before June 30, 2011, and the designated beneficiaries of a retired employee who began State service on or before June 30, 2011, and a retired employee of the Judges' Retirement System who began State service on or after July 1, 2011, and the designated beneficiaries of a retired employee of the Judges' Retirement System who began State service on or after July 1, 2011, are eligible to receive the subsidy provided by the State for the cost of the health insurance benefits program on the following basis:

(1) If an employee retired directly from State service before July 1, 1984, the retired employee and the designated beneficiaries of the retired employee shall receive the same subsidy that is provided to a State employee;

(2) If an employee retired from State service on or after July 1, 1984 and had at least 5 years of creditable service, the retired employee and the designated beneficiaries of the retired employee shall receive 5/16 of the subsidy provided to a State employee;

(3) If an employee retired from State service on or after July 1, 1984 and had more than 5 but less than 16 years of creditable service, the retired employee and the designated beneficiaries of the retired employee shall receive 1/16 of the subsidy for each year of creditable service that is more than 5 but less than 16 years;

(4) If an employee retired from State service on or after July 1, 1984 and had 16 years or more of creditable service, the retired employee and the designated beneficiaries of the retired employee shall receive the same subsidy that is provided to a State employee;

(5) If a retired employee is in receipt of a State disability retirement allowance, the retired employee and the designated beneficiaries of the retired employee shall receive the same subsidy that is provided to a State employee;

(6) Except as provided in §A(7) of this regulation, a person in receipt of a special death benefit under State Personnel and Pensions Article, §29-204, Annotated Code of Maryland, shall receive the same subsidy that is provided to a State employee; and

(7) If a retired State employee retires with a periodic benefit under the Optional Retirement System of State Personnel and Pensions Article, Title 30,Annotated Code of Maryland, the retiree and the dependents of the retiree shall receive the subsidy provided pursuant to State Personnel and Pensions Article, §2-509(a), Annotated Code of Maryland.

*C. The health insurance benefit for eligible retirees and their designated beneficiaries includes a prescription drug benefit that: (1) **Has the same copayments, coinsurance, and deductible that apply to the prescription drug benefit for active State employees;** (2) Requires: (i) Retirees and their designated beneficiaries who qualify for the maximum State subsidy to pay 25 percent of the premium for the prescription drug benefit; and (ii) Retirees and their designated beneficiaries who qualify for a partial State subsidy to pay 25 percent of the premium for the prescription drug benefit plus the proportional additional amount required under State Personnel and Pensions Article, §2-508(b)(4)(ii) and (c)(4)(ii), Annotated Code of Maryland… (emphasis added).*

cases submitted under the substantial grounds factor, these cases from outside the Circuit agree

with the Plaintiffs' claims and the December 30, 2021 Order.   See In re Nichols, TDC-14-0625,

2014 WL 4094340 at*3 (D. Md. August 15, 2014)(…it matters not whether the lower court got

the law wrong, 'but 'whether courts themselves disagree as to what the law is).  All other cases

cited by Defendants which determine that post-employment benefits are not contractual

obligations dispute payment of the benefit premium in its entirety or fixed the amount that retirees

are required to pay.  That is not the case here, where the Fitch Plaintiffs premiums increase yearly

and have never required the State to pay the full premium without retiree contribution.  These

circuit cases found in other jurisdictions are not persuasive.  See Cross v. Suffolk City Sch. Bd.,

No. 2:11cv88, 2011 WL 2838180, at *3 n.1 (E.D. Va. July 14, 2011) (concluding that cases from

district courts outside the Fourth Circuit "do not persuade th[e] court that there is a substantial

ground for difference of opinion").

Next, the Defendants' Motion asserts that "…there is not any precedent surrounding the

Court's conclusion that the cross reference of SPP §2-508 in the 2004 legislation is sufficient to

overcome the presumption against reading statutes as contracts.  ECF 167. Page 13. "A substantial

ground for disagreement may arise if there is a "novel and difficult issue of first impression," or if

there is a circuit split and the controlling circuit has not commented on the conflicting issue.

Cooke-Bates v. Bayer Corp., No. 3:10cv261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010).

The mere fact, however, that an issue is one of first impression or that there is a lack of unanimity

among courts is insufficient to satisfy this prong. Wyeth v. Sandoz, Inc., 703 F. Supp. 2d 508, 527

(E.D.N.C. 2010) See also Virginia ex rel. Integra Rec, LLC v. Countrywide Sec. Corp., No. 14-

cv-706, 2015 WL 3540473, at *5 (E.D. Va. June 3, 2015) ("A mere lack of unanimity, or opposing

decisions outside of the governing circuit, need not persuade a court that a substantial ground for

disagreement exists."   Plaintiffs contend that the cases submitted are insufficient to satisfy the material ground factor necessary to acquire §1292(b) certification.

Lastly although the Defendants, Mr. Bridgett and AFSCME disagree with the outcome, to meet the substantial ground factor the Courts as opposed to parties must disagree on a controlling legal issue. "An issue presents a substantial ground for a difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." Lynn at 624 (D. Md. 2013). The Defendants have failed to show substantial disagreement of opinion from within the circuit on *each* of their proposed questions that would persuade this Court to certify the §1292(b) motion. For these reasons the motion should be denied.

## VII.   An Immediate Appeal Will Not Materially Advance the Ultimate Termination of Litigation.

To satisfy whether an immediate appeal will "materially advance the ultimate litigation a movant *need not show* that a reversal on appeal would actually end the litigation. Instead, the relevant inquiry is whether reversal would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense."   See APCC Servs,Inc., v. Sprint Commc'ns Co.., 297 F.Supp.2d 90, 100 (D.D.C. 2003) (noting that an immediate appeal would materially advance the ultimate termination of the litigation as it had the potential to save the parties from protracted litigation and massive discovery costs); *cf*. U.S. House of Representatives v. Burwell, No. 14-1967, 2015 WL 13699275, at *1 (D.D.C. Oct. 19, 2015) (denying a motion for interlocutory appeal because reversal of the court's order would not shorten the length of the litigation since the case could be decided in "a matter of months" regardless). The Court's dismissal of active employees and State employees who retired after 2019 in its December 30, 2021 Order, the February 17, 2022 Order and the March 1, 2022 Order streamlined litigation by removal of all other issues from

consideration and narrowed the focus of this case to the well-settled law of contracts as applied to facts about these specific Plaintiffs and their specific circumstances. It can be argued that the Court's eliminated the need for trial by narrowing the focus of the litigation.  The only outstanding issue left for the Court's determination is whether the State's replacement plan is consistent with its initial promise to specific State retirees.  The Motion for Certification for Interlocutory Appeal will just delay the case and generate additional litigation costs, a situation that is the antithesis of the intent of this type of motion.

**VIII.   Conclusion**

It is disputable that an appellate ruling in favor of the Defendants on its appeal will not terminate the litigation in light of the ambiguous and misleading controlling questions of law presented in the Defendants' Motion for Certification.  Further every question presented as controlling questions of law suffer from mischaracterization of the Plaintiffs allegation or require a mixture of fact and law to remain applicable to this case and dispositive of this litigation.

The State in its efforts to hasten the deaths of specific State retirees negatively impacted by the General Assembly's retroactive elimination of their benefit has written this Motion to Certify as thought the Fitch Plaintiffs are arguing to continue access to the State subsidy that includes prescription drug benefits for all current and retired State employees.  This mischaracterization has flawed this motion and the controlling questions of law presented.  As a result, there are not any substantial grounds of different opinion asserted that would necessitate an interlocutory appeal. Finally, this motion will prolong this litigation, create additional expense and introduce complex issues to a case that now has narrow focus.

For these reasons, Plaintiffs request that the Court deny the Defendants' Motion for Certification of Interlocutory Appeal.

Respectfully Submitted,

April 3, 2022

*/s/ Deborah A. Holloway Hill*_____
Deborah A. Holloway Hill (#28384)
P.O. Box 465
Cockeysville, Md 21030
P: 410.428.7278
F: 866.499.6906
dahhlaw@outlook.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KENNETH FITCH**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Case No.: **1:18-cv-02817-JKB** |
| | * | |
| **STATE OF MARYLAND**, *et al.*, | * | |
| Defendant, | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY, that on the 3rd day of April 2022, the foregoing was served by

CM/ECF on all registered CMF users and by first class mail on the following parties:

Michael Bridgett                              Deborah Monroe
350 Jendan Way, Apt 106              9924 Sun Seeker Drive
Prince Frederick, MD 20678         Venice, Florida 34292

Deborah Garlitz
212 McKennel Road
Lonacoming, MD 21259

<u>/s/ Deborah A. Holloway Hill</u>
Deborah A. Holloway Hill
P.O. Box 465
Cockeysville, Md 21030
