IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH FITCH, *et al.*,　　　　　*　　 | |
| 　　　*Plaintiffs*,　　　　　　　　　* | |
| v.　　　　　　　　　　　　　　　　* | No. 1:18-cv-02817-PJM |
| STATE OF MARYLAND, *et al.*,　　　* | |
| 　　　*Defendants*.　　　　　　　　 | |
| 　　　　　　　　　　　　　　　　　* | |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

**THE STATE DEFENDANTS' REPLY**

As reflected in their responses to the State's motion, the two sets of represented plaintiffs disagree as to whether the issue presented by the State defendants should be certified for immediate appeal. AFSCME "agrees that the dispute and current posture of this case meets the three-part test for certification under 28 U.S.C. § 1292(b)" and therefore "joins the motion insofar as it requests § 1292(b) certification of Defendants' interlocutory appeal." ECF 170 at 1. The Fitch plaintiffs do not. They essentially assert that, because they agree with the Court's Order, an appeal would "just delay the case and generate additional litigation costs." ECF 171 at 17. But they have no response to the obvious logic of an immediate appeal: it would allow the Fourth Circuit to decide the legal issues presented by all three appealing parties—Mr. Bridgett, AFSCME, and the State—in one consolidated appeal that would ultimately determine whether and how this case will continue.

And the Fourth Circuit is waiting for this case. Just last week it granted AFSCME's motion to hold its appeal in abeyance "pending a decision by the district court on [the

State's] motion to certify interlocutory appeal of the district court's December 30, 2021, order." ECF 172. The Fourth Circuit's order recognizes the obvious interplay between the three appeals; certification will allow for the case to unfold in a logical and orderly way, with the core legal issues resolved before the parties delve into the facts through discovery and trial. And this case does not deserve the procedural chaos that might follow if it proceeded on two tracks at the same time. It presents important legal issues about how the State legislates benefit programs and has broad ramifications for everyone involved—State government, Maryland State retirees, and current State employees alike. Certification makes sense here.

To the extent that the Fitch plaintiffs address the criteria for certification, they assert three reasons for their opposition to the State's motion, none of which should deter this Court from certifying the State's appeal.

First, the Fitch plaintiffs argue that the questions of law resolved in the Court's Order "are not narrow questions of pure law that can be reviewed by the Appellate Court without substantial investigation." ECF 171 at 1. But plaintiffs do not explain why the question to be certified would require "the appellate court to delve into the record of this case to make a determination about the relevant facts." *Id*. at 8. To the extent that they do discuss facts, they acknowledge, appropriately, that the facts here—that the purported contractual "obligation involved State retirees, a health plan with prescription drug coverage, and their retirement status"—are only "incidental to prove the existence of a contract, not the nucleus of its focus." *Id*. at 10. Instead, as the Fitch plaintiffs further acknowledge, "[t]he central issue of this case is whether the Statutes in question created a

contract whose terms were binding on the Defendants." *Id*. The resolution of *that* issue requires only "reviewing the statutory text and applying the principles of contract formation," *id.* at 9—two purely legal inquiries that the appellate court plainly can resolve without delving into the facts of the case.

Second, the Fitch plaintiffs assert that "there is no substantial ground for differences of opinion" on the legal questions presented because "the Court simply applied well settled law (the laws of statutory interpretation and contract formation) to the particular facts of this case." *Id.* at 1-2. Of course, the principles of statutory interpretation and contract formation are settled, but what is not settled is how those two sets of principles interact to read *legislation as a contract* within the context of non-pension health and welfare benefits. The State maintains that the Supreme Court, in *National R.R. Passenger Corp. v. Atchison, Topeka & Sante Fe Ry. Co.*, 470 U.S. 451 (1985), laid out the clear statement rule that governs whether legislation creates a contractual obligation, but none of the cases upon which this Court relied mentions *Atchison* or its clear statement rule. And, as this Court acknowledged, those cases are not "on all fours with the case at bar" in other respects as well. ECF 148 at 14. Meanwhile, the other authorities cited in the State's motion— including the one Maryland authority, *see* 90 Md. Op. Att'y Gen. 195 (2005)—apply *Atchison* to conclude that the government's legislative decision to offer non-pension benefits does not contain amount to a binding contractual commitment in the absence of a clearly expressed intent to bind the State in contract. *See* ECF 167 at 11-12 (citing cases). The question presented thus is appropriate for certification on several grounds, as "the [courts in different jurisdictions] are in dispute on the question," the Fourth Circuit "has

3

not spoken on" how *Atchison* applies in this context, and the case presents "novel and difficult questions of first impression." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *see also* ECF 171 at 3 (quoting *Couch*).

Third, it is difficult to understand why the plaintiffs believe that an interlocutory appeal "would not materially advance litigation" and instead "would prolong this case," ECF 171 at 2, when they elsewhere acknowledge that the issue to be certified—"whether the Statutes in question created a contract whose terms were binding on the Defendants"—is the "central issue of this case," *id.* at 10.[1] The undisputed fact of the matter is that an appellate ruling in the State's favor would end this case, as "[i]t was established early on in this litigation, that the issue in this case was whether a contract exists; any other issues are a derivative thereof." *Id.* at 9.

Because the certified issue is indisputably the central issue in this case, resolution of that issue would not be "duplicative, costly and lengthen this litigation," as the plaintiffs maintain. *Id.* at 2. To the contrary; *not* certifying an appeal would mean either a year-long stay while AFSCME's and Mr. Bridgett's appeals are resolved or pressing forward with discovery, pretrial proceedings, and a trial, all at the risk of having to do it all over again if

---

[1] The Fitch plaintiffs' response on this point might be affected by their apparent belief that the State, by using the word "perpetuity," is seeking immediate review of an issue that is different from the one that is raised by the plaintiffs' claims. *See* ECF 171 at 6-7. To clarify, the State understands that the plaintiffs seek prescription drug coverage only until "the passing of the affected retiree and/or their spouse or dependent," *id.* at 6, and not for the rest of time. The point is that the Court concluded that the State was contractually bound to continue providing that coverage, without substantial change, beyond the termination date set forth in statute. It is that continuing, immutable obligation that the word "perpetuity" was intended to capture, and in that sense the Fitch plaintiffs can have no objection to its inclusion in the question presented.

AFSCME or Mr. Bridgett is ultimately successful on appeal.  And while the Court's Order—if upheld on appeal—does reduce the scope of the issues before the Court, it has not "eliminated the need for trial" on the substantial modification issue.  ECF 171 at 2.  *That* issue, as the State explained, will involve discovery into the Fitch plaintiffs' prescription drug options under Medicare Part D, which will unavoidably touch on their prescription drug *needs*—an area of medical privacy that is best left undisturbed until truly necessary to do so.  *See* ECF 167 at 19.  On this point, AFSCME has it right:  "The most efficient and just course is to resolve the substantive legal issues addressed thus far, before proceeding with discovery and prior to any hearing" on the reasonable modification issue.  ECF 170 at 1.

Finally, the State acknowledges that certification is not simply for "'early review of difficult rulings in hard cases'" or "'early resolution of disputes concerning whether the trial court properly applied the law to the facts.'"  ECF 171 at 10 (citations omitted).  But here we have much more than that.  Whether legislative direction to continue offering non-pension health and welfare benefits *contractually* binds the State to do so is an issue of law that has not been addressed by the Fourth Circuit or the Maryland Court of Appeals and that courts in other jurisdictions have resolved differently—even applying different analytical frameworks.  Either way, appellate resolution of that threshold issue will ensure that this case proceeds in an orderly and efficient manner and with one consolidated appeal on what the plaintiffs concede is the "central issue of this case."  *Id*. at 10.

5

## CONCLUSION

The motion should be granted and the December 30, 2021 Order certified for immediate appeal.

                                          Respectfully submitted,

                                          BRIAN E. FROSH
                                          Attorney General of Maryland

                                          __/s_____
                                          ADAM D. SNYDER (Bar No. 25723)
                                          Assistant Attorney General
                                          Office of the Attorney General
                                          200 Saint Paul Place, 20th Floor
                                          Baltimore, Maryland 21202
                                          asnyder@oag.state.md.us
                                          (410) 576-6398
                                          (410) 576-6955 (facsimile)

April 12, 2022                             Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on this 12th day of April, 2022, the foregoing was served by CM/ECF on all registered CMF users and by first class mail on the following parties who are currently proceeding pro se:

Michael Bridgett
350 Jendan Way, Apt. 106
Prince Frederick, Maryland 20678

Deborah Garlitz
212 McKennel Road
Lonaconing, Maryland  21259

Deborah Monroe
9924 Sun Seeker Drive
Venice, Florida  34292

   /s/
Adam D. Snyder