**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KENNETH FITCH, ET AL., | * | |
| *Plaintiffs*, | * | |
| v. | * | No. 1:18-cv-02817-PJM |
| STATE OF MARYLAND, ET AL. | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' RESPONSE TO THIS COURT'S
MARCH 22, 2023 MEMORANDUM**

On March 22, 2023, this Court issued a memorandum requesting the parties' responses to four inquiries. (ECF 210.) Defendants' responses are set forth below.

- **Inquiry No. 1: What would be the immediate impact of granting Defendants' Motion for Summary Judgment and Dissolution of the Preliminary Injunction?**

Other than the inherent legal consequences (i.e., a judgment in favor of Defendants and dissolution of the preliminary injunction), there will be no immediate impact of granting the motion. This is because, under current statutory law, retirees will continue to receive state prescription drug benefits until at least January 1, 2025.

As noted in the briefing on the motion, in 2011 the Maryland General Assembly enacted legislation that would discontinue state prescription drug benefits for all Medicare-eligible retirees in fiscal year 2020, which in Maryland began on July 1, 2019. 2011 Md. Laws ch. 397. Because of changes to the federal law, in April 2018 the General Assembly enacted legislation that moved up to January 2019 the date by which the state prescription

1

drug plan would be discontinued. In September 2018, Plaintiffs filed the underlying complaint in this case (ECF 1-1), and this Court entered a preliminary injunction barring the State from discontinuing state prescription drug benefits for retirees (ECF 31).

In 2019, the General Assembly enacted legislation that created three new prescription drug benefit programs that were intended to replace the previously provided benefit in the event that the injunction were to be dissolved. 2019 Md. Laws ch. 767. Pertinent to the Court's inquiry, this legislation also contained provisions that ensured that, if the injunction were dissolved, retirees would not immediately lose prescription drug coverage. In fact, the legislation ensured that Medicare-eligible retirees would continue to receive state prescription drug benefits for at least 11 months. And, under the circumstances present here under current law, Medicare-eligible retirees will continue to receive state prescription drug benefits for another 21 months—until January 1, 2025.

This delay is due to the fact that, pursuant to the 2019 legislation, the elimination of the state prescription drug benefits program for Medicare-eligible retirees is tied to the date of the dissolution of the preliminary injunction as it relates to the first day of the next State health benefits open enrollment period.

The legislation provides that if "final resolution" of the injunction occurs on a date that is "9 months or more before the first day of the next State health benefits open enrollment period," "the elimination of the State prescription drug benefits for Medicare-eligible retirees [and relevant beneficiaries]" "shall begin on the first day of the State health benefits plan year immediately following the next open enrollment period[.]" 2019 Md. Laws ch. 767 § 2(2). On the other hand, if the "final resolution" of the injunction occurs

on a date that is "less than 9 months before the first day of the next State health benefits open enrollment period," "the elimination of the State prescription drug benefits for Medicare-eligible retirees [and relevant beneficiaries]" "shall begin on the first day of the *second* State health benefits plan year immediately following the resolution[.]" 2019 Md. Laws ch. 767 § 2(1) (emphasis added).

The open enrollment period traditionally begins in early October of each year.[1] Therefore, assuming that "final resolution" of the injunction were to occur as of the date of this filing (or anytime up until the beginning of open enrollment in early October 2023), that resolution would have occurred "less than 9 months before the first day of the next State health benefits open enrollment period." Consequently, under the circumstances set forth above, "the elimination of the State prescription drug benefits for Medicare-eligible retirees [and relevant beneficiaries]" would occur on January 1, 2025, i.e., "the first day of the second State health benefits plan year immediately following the resolution[.]"

As set forth in the Defendants' memorandum in support of their motion, upon discontinuation of the state prescription drug program, Medicare-eligible retirees would be required to obtain prescription drug benefits through Medicare Part D. Yet, as set forth above, under current Maryland law, upon discontinuation of the state prescription program the retirees would also have access to the programs enacted in the 2019 legislation. And,

---

[1] *See, e.g.*, Department of Budget and Management, *Complete Your Open Enrollment (Employees/Retirees) Quick Reference Guide*, available at https://dbm.maryland.gov/sps/Documents/2023%20Employee-Retiree-Complete%20Open%20Enrollment%20Elections%20QRG.pdf (noting that open enrollment for benefits for the 2023 calendar year began on October 11, 2022).

also beginning January 1, 2025, Medicare Part D recipients will be subject to out-of-pocket spending caps of $2,000 pursuant to the federal Inflation Reduction Act, Pub. L. No. 117-169, 136 Stat. 1818 (2022).

- **Inquiry No. 2: Would drug benefits to current or former state employees cease immediately?**

   As set forth in the answer to the first inquiry, they would not.

- **Inquiry No. 3: Would there be a legal basis for establishing a transition period?**

There would be no legal basis for this Court to establish a transition period. However, as set forth in the answer to the first inquiry, a "transition period" has already been established by the General Assembly that will ensure that Medicare-eligible retirees will not immediately lose their state prescription drug benefits.

- **Inquiry No. 4: If Plaintiffs were [to] lose and appeal, would there be legal basis for a stay?**

There would be no legal basis for a stay. Under Supreme Court precedent, the factors regulating the issuance of a stay pending appeal (whether considered by the district court or a court of appeals) are "generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Here, none of the factors supports a stay. As set forth in Defendants' memorandum in support of its motion, Plaintiffs' claims fail on the merits under the Fourth Circuit's recent dispositive decision in *AFSCME Maryland*

*Council 3 v. State of Maryland*, 61 F.4th 143 (4th Cir. 2023).  (ECF 196-1 at 30-31.)  And as discussed above, because the State is legally bound to continue to provide prescription drug benefits until at least January 1, 2025 even if the preliminary injunction is dissolved, the balance of equities tips in the State's favor.

                Respectfully Submitted,

                ANTHONY G. BROWN
                Attorney General of Maryland

                 /s/ John J. Kuchno
                JOHN J. KUCHNO
                Federal Bar No. 04211
                RYAN R. DIETRICH
                Assistant Attorneys General
                200 St. Paul Place, 20th Floor
                Baltimore, Maryland 21202
                (410) 576-7847
                (410) 576-6955 (facsimile)

Dated: March 24, 2023         Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 24, 2023, Defendants' Response to this Court's March 22, 2023 Memorandum was (1) served electronically to all parties via CM/ECF and (2) mailed, postage-prepaid to:

>Michael Bridgett
>350 Jendan Way, Apt 106
>Prince Frederick, MD 20678
>
>Deborah Monroe
>9924 Sun Seeker Drive
>Venice, Florida 34292
>
>Deborah Garlitz
>212 McKennel Road
>Lonacoming, MD 21259

>/s/ John J. Kuchno
>_____
>JOHN J. KUCHNO
>FED. BAR NO. 04211