IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENNETH FITCH**, *et al.*, | * |
| Plaintiffs, | * |
| v. | * |
| | * Civil No. **18-2817 PJM** |
| **STATE OF MARYLAND**, *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

I.  **INTRODUCTION**

This is the final chapter in a case that arises from the State of Maryland's attempt to transition certain retired state employees from a state-subsidized prescription drug benefit program to a combination of drug benefit programs available under new state programs and Part D of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108–173, 117 Stat. 2066 (codified at 42 U.S.C. § 1395w-101 *et seq.* ("Part D")). On October 16, 2018, the Court issued an Order granting Plaintiffs' Motion for Preliminary Injunction. ECF No. 31. Thereafter, on July 19, 2023, the Court signed an Order granting Defendants' Motion for Dissolution of the Preliminary Injunction, but deferring decision with respect to Defendants' Motion for Summary Judgment pending consideration of whether Plaintiffs could state alternative claims of fraud or restitution against Defendants. ECF No. 220. Plaintiffs have provided additional briefing addressing possible alternative causes of action. *See* ECF No. 223. The Court now considers Defendants' Motion for Summary Judgment. ECF No. 196. For the following reasons, Defendants' Motion for Summary Judgment is now **GRANTED** as to both Plaintiffs' original and new alternative claims.

## II. BACKGROUND

On June 29, 2023, the Court held a Hearing on Defendant's Motion for Summary Judgment and Dissolution of Preliminary Injunction and also on Plaintiffs' Motion for Leave to File Third Motion for Class Certification. ECF No. 219. Shortly thereafter, the Court denied Plaintiffs' Motion and granted Defendants' Motion for Dissolution of the Preliminary Injunction, finding that there was no longer a substantial likelihood that Plaintiffs would prevail on the merits of their claim, given (1) that all of Plaintiffs' remaining claims clearly derived from the theory that the 2004 General Assembly created a contract with State employees with respect to the provision of prescription drug benefits but (2) the Fourth Circuit held with respect to other State employees that no such contract exists. ECF 220 at 8.

The Court, however, deferred ruling on Defendants' Motion for Summary Judgment and gave Plaintiffs leave to submit additional briefing as to possible alternative claims Plaintiffs' Counsel raised for the first time at the Hearing, viz. causes of action for fraud and/or restitution. In doing so, the Court noted that, although Plaintiffs were continuing to claim irreparable injury based on prohibitive increases in the cost of prescription drugs, "[i]t appears that both the State's creation of the Replacement Programs in 2019 and Congress's changes to Part D in the Inflation Reduction Act should function to protect fixed-income retirees in much the same way as the State Program has." ECF No. 220 at 9–10.[1]

## III. STANDARD OF REVIEW

A court "shall grant summary judgment if the movant shows that there is no *genuine* dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] In its July Opinion, the Court laid out in detail the relevant history of state and federal prescription drug coverage, particularly pertinent developments in State coverage and Part D of Medicare since 2019. *See* ECF No. 220 at 2–5.

2

Civ. P. 56(a) (emphasis added). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). "Courts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

## IV.   ANALYSIS

Plaintiffs' original and alternative new claims cannot survive summary judgment. Even if the Court were to grant them leave to amend their Complaint this late in the day, such amendment would be futile.

### A.   Plaintiffs' Original Claims

As set out in the Court's previous opinion and summarized here, Plaintiffs' original claims, which remain pending, are not viable because (1) "Sections 2-508 and 2-509.1 do not create a contract between the State of Maryland and its employees or retirees," *AFSCME Maryland Council 3 v. Maryland*, 61 F.4th 143, 151 (4th Cir. 2023), and (2) it appears Plaintiffs will no longer be materially prejudiced if and when they move from the State's program to Part D.

To repeat, the Fourth Circuit ruled that the 2004 General Assembly did not form a contract with State employees. *See id.* As this Court found in turn, the Fourth Circuit's finding disposes of

3

Plaintiffs' original claims. *See* ECF 220 at 8. This is a sufficient ground for the Court to grant Defendants' Motion for Summary Judgment with respect to Plaintiffs' claims based on contract.

In addition, Plaintiffs have not shown that they will be materially prejudiced by the State "forcing" them to transition from the State's program to Part D. In their Initial Complaint, Plaintiffs made what the Court took to be well-founded claims about how moving from the State's program to Medicare Part D could cost individual State employees as much as thousands of dollars per month. But as discussed in the Court's July Opinion, since the passage of the 2019 Programs, covering among other things drug benefits, and especially following the passage of the federal Inflation Recovery Act, which also addresses prescription drug coverage, this risk appears to have been all but eliminated. *See* ECF No. 220 at 9–10. The State's 2019 Programs guarantee its retirees coverage of the same annual out-of-pocket costs that they have become entitled to through their years of service, and the Inflation Reduction Act codifies caps on the cost of prescription drugs that are nearly as generous for seniors nationwide. *See id.* If the State were to implement its 2019 Programs' reimbursement plan in a manner that denied individuals the coverage required by either the 2019 Programs or Medicare Part D, that might well be grounds for a new claim. But until then, the harm Plaintiffs allege is wholly speculative. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (stating that injury must be "actual or imminent, not conjectural or hypothetical") (internal quotation marks and citations omitted).

### B. Plaintiffs' Alternative New Fraud Claims

The Court considers the new causes of action Plaintiffs have put forth in their supplemental briefing; that is, that the State acted fraudulently with respect to provision of prescription drug benefits and Plaintiffs are therefore entitled to restitution. As a preliminary matter, of course, the proper procedure would be for Plaintiffs to amend their Complaint to give Defendants a fair

4


opportunity to answer these new claims. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 436 (D. Md. 2006) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)."); *Blissful Enters., Inc. v. Cincinnati Ins. Co.*, 421 F. Supp. 3d 193, 198 (D. Md. 2019) (stating that a plaintiff is "bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint") (citations omitted).

However, a Court properly denies leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Lerner v. Nw. Biotherapeutics*, 273 F. Supp. 3d 573, 596 (D. Md. 2017); *El-Amin v. Blom*, No. CCB-11-3424, 2012 WL 2604213, at *10 (D. Md. July 5, 2012) ("An amendment is futile . . . if the amended claim would 'still fail to survive a motion to dismiss.'") (quoting *Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995)). Here there is little doubt that any amendment would be futile.

Plaintiffs posit two arguments why they believe they have alternative causes of action for fraud. They first argue that Defendants deliberately failed to disclose to employees retiring between July of 2011 and June of 2018 that the General Assembly might eliminate the subsidy for prescription drug coverage in 2011. *See* ECF No. 223 at 1, 4–11. Plaintiffs also argue that the State failed to reimburse Plaintiffs for State contributions Plaintiffs made to entitle them to a voluntary "fringe benefit" provided by Maryland to its employees. *See id.* at 2, 11–14. Neither argument would prevail against a motion to dismiss.

Defendants indicate that if Plaintiffs were to properly raise these fraud claims in an Amended Complaint, Defendants would respond with an Eleventh Amendment defense. *See* ECF No. 228 at 9–10. The Eleventh Amendment prohibits suit by private parties against states in federal

courts unless a state has waived its immunity. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397–98 (4th Cir. 1990). While the State of Maryland has waived Eleventh Amendment immunity as to tort claims in its own state courts, it has not done the same with respect to claims in Federal court. *See, e.g., Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397–98 (4th Cir. 1990) ("The waiver of sovereign immunity in the Maryland Torts Claims Act clearly limits the state's waiver of immunity to actions brought in the Maryland state courts."). As such, Plaintiffs' fraud claims would be subject to dismissal under the Eleventh Amendment.[2]

Apart from the jurisdictional bar, Plaintiffs could not plausibly make out a claim for fraud on the part of the State. To do so, Plaintiffs would need to plead as to promised prescription drug benefits that the State made a false statement or statements with an intent to defraud, and that Plaintiffs reasonably relied on the false statement or statements. *See McKenzie v. Comcast Cable Commc'ns, Inc.*, 293 F. Supp 2d 362, 373–74 (D. Md. 2005). But Plaintiffs' claims are predicated on legislation that the State publicly enacted that clearly and openly stated that the State would "discontinue prescription drug benefits for Medicare-eligible retirees in fiscal year 2020," 2011 Md. Laws Ch. 397 (codified at Md. Code, State Pers. & Pens. § 2-509.1). There is no conceivable basis, in the Court's view, beyond wild assertion and speculation, through which Plaintiffs could demonstrate fraudulent intent on the part of the State at any stage.

---

[2] Plaintiffs note that the State removed this case to federal court in 2018 and should not now be heard to argue sovereign immunity. ECF No. 229 at 6. But even if the removal might be considered a waiver of sovereign immunity as to the claims pending against the State at that point, the Court cannot assume that the State has voluntarily submitted itself to federal jurisdiction with respect to Plaintiffs' new allegations that the State committed fraud against its employees. *See Lapides v. Brd. of Regents Univ. Sys. Georgia.*, 535 U.S. 613, 619 (2002) (emphasizing that a state must "*voluntarily* become[] a party to a cause and submit[] its rights for judicial determination" to waive its immunity) (emphasis in original) (quoting *Gunter v. Atl. Coast Line R. Co.*, 200 U.S. 273, 284 (1906)).

In sum, the Court is satisfied that a Fourth Amended Complaint in this case would be futile. The allegations Plaintiffs raise in their supplemental briefing do not impede the grant of summary judgment as to those claims.

### V. CONCLUSION

Accordingly, Defendants' Motion for Summary, ECF No. 196, will be **GRANTED** as to all Plaintiffs' claims, original and new.

A separate Final Order of Judgment will **ISSUE**.

Date: September 29, 2023

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE